HALEY *v.* DOOCHIN.

(*Nashville*, December Term, 1947.)

Opinion filed February 28, 1948.

138

GOODPASTURE, CARPENTER & DALE, of Nashville, for plaintiff in error.

DENNEY & LEFTWICH, of Nashville, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

On December 12, 1946, Haley sued Doochin in the Court of General Sessions of Davidson County for damages growing out of an automobile accident. On the following day Doochin sued Haley in the same Court to recover damages growing out of the same accident. The cases were consolidated and after Doochin introduced his proof, Haley offering none, both cases were dismissed on January 27, 1947. Neither party appealed.

On February 20, 1947, Haley filed his petition for writ of *certiorari* which was granted on the same day by one of the Circuit Judges of Davidson County. Doochin through counsel filed a motion to dimiss this writ because (1) the petition was not filed within ten days from the dismissal of the Sessions Court case, and (2) the petition "stated no grounds or reasons which would justify the issuance of the writ". This motion was heard and overruled on March 8, 1947, by a Special

Judge of the Second Circuit Court of Davidson County. In the order overruling the motion an exception was preserved and Doochin was allowed to likewise file a petition for *certiorari* which he then did.

On April 5, 1947, these causes came on to be heard by the Judge of the Third Circuit Court of Davidson County on the respective petitions for *certiorari* when Doochin again "renewed his motion, in this Court, to dismiss the petition of *certiorari* of Vernon F. Haley, which motion had heretofore been overruled" by the named Judge of the Second Circuit Court. This motion was sustained and the causes were dismissed. It is from this order that the present appeal seasonably comes.

As litigation has increased the Legislature of the State has added more courts to take care of the increased business. The Circuit Court of Davidson County not being able to care for the increased litigation, the Legislature by separate acts has created the Second and Third Circuit Courts of the county. Each of these Courts has concurrent jurisdiction.

Obviously from what has been said above one of these courts of concurrent jurisdiction has overruled an act of a sister court of concurrent jurisdiction. Can or should this be done? The answer to this question is the answer to the case now before us.

The author of American Jurisprudence says: "It is a familiar principle that when a court of competent jurisdiction acquires jurisdiction of the subject matter of a case, its authority continues, *subject only to the appellate authority*, until the matter is finally and completely disposed of, and that no court of co-ordinate authority is at liberty to interfere with its action." 14 Am. Jur., p. 435, section 243. (Italics those of this Court.)

■ This rule seems to us a reasonable and sound rule to follow. It rests on comity and necessity in avoiding conflict in the execution of the judgments and orders of independent courts, and is further necessary because ony other rule would lead to hopeless confusion and in the end to calamitous results for litigants. There must be some final decision in so far as courts of concurrent jurisdiction are concerned. Two or more courts of the same jurisdiction cannot render a different final conclusion on the same question. When a litigant is cast in a lawsuit, he has the right of appeal to the proper appellate tribunal where any error of the lower court can be corrected. He should not be permitted to run from one court of equal jurisdiction to another of the same jurisdiction and there relitigate the same matter. Mr. Justice CARUTHERS, in *Greenlaw* v. *Kernahan*, 36 Tenn. 371, 380, has well stated the rule and the reasons therefore, thus: ''Every consideration of public policy and individual security requires, when a court of record acts upon and settles the rights of men, in cases when there is jurisdiction of the subject and person, that all may repose in safety and quiet upon such rights.

A court of general jurisdiction is presumed to act correctly and upon sufficient grounds in all the intermediate steps as well as 'final determination of suits. But if the contrary should appear of record (in the opinion of any other court before which the record is proposed to be used), it would not affect the validity of the judgment or decree if the defect consisted only of irregularities and errors. Such defects may be grounds of reversal on appeal or writ of error in the same suit, but do not render the decree void, or the rights derived under it unavailing.

"A court before which the records of another, having jurisdiction, are used, can not review the proceedings to spy out irregularities that may have intervened, or erroneous orders that may have been made, or wrong conclusions arrived at. This is the province of a court of revision, and no other can notice their existence. As to all rights and interests arising under such judgments or decrees, they are as good and effectual as if such errors did not exist. If this were not so, every court in which it might become necessary to use or rely upon a record from another would become a court of errors, and there would be no certainty in titles or rights grounded on this, the highest of all assurances."

Whether or not the Judge of the Second Circuit Court was in error in overruling the motion to dismiss when it was presented to him we are not now at liberty to say. His action thereon is not now before us. This may reach us after the matter is finally disposed of and takes the requisite course to arrive here.

For the reasons stated this case is reversed and remanded for a trial consistent with this opinion.

All concur.