STATE *ex rel.* WRIGHT *v.* UPCHURCH, Sheriff.

*(Nashville,* December Term, 1952.)

Opinion filed January 15, 1953.

REAGAN, NEAL & CRAVEN, of Jamestown, for appellant.

A. R. HOGUE, of Jamestown, for appellee.

Mr. Justice Burnett delivered the opinion of the Court.

This is a habeas corpus proceeding instituted by Willie Wright as the relator against Clayton Upchurch, Sheriff of Fentress County, who was holding the relator in jail pursuant to an order of the Judge of the Circuit Court of that County.

The Circuit Court in the cause of *Hattie Wright* v. *Willie Wright* committed Willie Wright to jail for failure to pay an alimony award to his wife. The order committing the appellant to jail among other things said:

> "on the petition for contempt filed by the plaintiff, Hattie Wright, and answer by defendant and an oral and documentary evidence offered in open Court, when it appeared to the Court that the defendant had wilfully and maliciously failed and refused to obey the former order of Court requiring him to pay into Court the sum of $30 per month for the support of said children, as required by the former decree, * * * ,"

Under this order the sheriff placed the relator, appellant, in jail and was holding him there at the time the petition herein was filed. The petition is based on the proposition that the decree, pertinent portions of which are above copied, does not show on its face that the appellant was able to perform the act required or that he was able to pay the sum therein decreed. On the hearing on the

present petition the only proof offered was that of the sheriff that the petitioner was in his custody pursuant to the order of court and the clerk's testimony introducing a certified copy of the decree committing the petitioner, appellant, to the custody of the sheriff. The sheriff's counsel made a motion to dismiss because the matter should have been brought in the court that committed the petitioner to jail and not in a separate court having concurrent and coordinate jurisdiction. The trial judge dismissed the petition for habeas corpus and remanded the appellant to the custody of the sheriff because "it satisfactorily appearing to the court from the proof that there is sufficient legal cause for the detention of said Willie Wright, *   *   *"

Section 10121 of the Code is as follows:

"But if the contempt consists in an omission to perform an act which it is yet in the power of the person to perform, he may be imprisoned until he performs it."

In *Cash* v. *Quenichett,* 52 Tenn. 737, 741, the court said:

"The general law upon the subject of contempts provides, that where the contempt consists in an omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he performs it. Code, Sec. 4108 (now Sec. 10121 above quoted). The resort to this extreme remedy under this section presupposes the exercise of a sound judicial discretion upon the question whether or not the act ordered to be performed is in fact within the party's power of performance. For if it be not, the power of imprisonment under the law does not exist."

In *Crowder* v. *Hayse,* 9 Tenn. App. 55 (certiorari denied) it was held that the judgment itself must affirm-

atively show and set out the ability of the defendant to comply with the order.

■ The burden of proof of the inability of a defendant in a divorce action to pay the alimony ordered is on this defendant. *Clark* v. *Clark,* 152 Tenn. 431, 440, 278 S. W. 65.

■ The determination of whether or not the defendant in a divorce action has the ability to pay or comply with the order of the court should be left to the court hearing that action. If the trial court that hears the action determines that the party so held in contempt does have the ability to pay then the party has the right to appeal to the Court of Appeals and then to this court by certiorari to have the action of the trial court thus determining his ability to pay reviewed. This being true a party who has been held in contempt of court should not be allowed to substitute a writ of habeas corpus to perform the function of a writ of error because such an inquiry should be left to the jurisdiction of the court ordering his imprisonment.

The Supreme Court of Colorado in *In Re*: *Popejoy,* 26 Colo. 32, 55 P. 1083, 1084, 77 Am. St. Rep. 222, 225 said:

"The writ of habeas corpus cannot be made to serve the purpose of a writ of error, and whether or not the evidence taken at this hearing was sufficient to justify the court in committing petitioner for contempt, if he failed to pay the judgment rendered, we are precluded from examining in this proceeding. *People* [*ex rel. Burchinell*] v. *District Court,* 22 Colo. 422, 45 P. 402. If the trial court erred in this respect, the remedy of petitioner is by a direct, and not the collateral, attack which he seeks to make by this

action. *Williamson's Case*, 26 Pa. 9 [67 Am. Dec. 374]."

In this same Colorado case it was further said:

"* * * but, in their absence, we must presume that the court found from the evidence then adduced that the petitioner had property with which to satisfy the judgment of his wife, otherwise it would not have ordered him committed for contempt for failure to pay such judgment; and, having failed to pay, his act in this respect constitutes a wilful disobedience to the order of the court. Further, on this subject it may be added that the court had jurisdiction of the person of petitioner at the time of the hearing under the citation; it had authority to order him committed if he failed to comply with its lawful orders made at that hearing; and, having such jurisdiction and authority, its judgment in this respect, however erroneous, must be taken as legal and valid on this application, until reversed or vacated by some appropriate proceeding. (Citing the Williamson case above.)"

The case just cited from was a habeas corpus case similar to that now before us. The Supreme Court of California in *Ex parte Spencer*, 83 Cal. 460, 23 P. 395, 397, 17 Am. St. Rep. 266, reached the same conclusion as that of the Colorado court and in part said:

"The order for such allowance, or any subsequent order made in modification thereof, is subject to review upon appeal, (citing authorities) but, until reversed, it must be obeyed, or the party must purge himself of contempt by showing his inability to pay it, and that the inability is not occasioned by his own act, for the purpose of avoiding payment."

This court in *Haley* v. *Doochin*, 186 Tenn. 137, 208 S. W. (2d) 756, though not a divorce case, reached the identical conclusion as reached in the two cases above quoted from and the conclusion that we are forced to in the present case. By reference to *Haley* v. *Doochin*, supra, 186 Tenn. at pages 140 and 141, 208 S. W. (2d) 756, the reasons for this conclusion are fully set forth.

We in this opinion are not saying that it is not necessary to show on the face of that decree that it was within the power of the person committed to perform the acts required of him. We think that the case should have either been appealed, that is, the action holding the party guilty of contempt to the proper appellate court, and not brought by an independent action in another court to be relieved of this contempt on a petition for habeas corpus. Of course under our practice it is always possible in a divorce suit where a party has been held guilty of contempt for him to petition the court at any time and show his inability to meet the orders of the court. Of course circumstances of parties change, sometimes change very rapidly and these things should be brought to the attention of the court having the jurisdiction of the matter originally.

For the reasons above stated the decree of the Chancellor is affirmed at the cost of the appellant.