**Jack Allen PIRRIE, Plaintiff/Appellant,**

v.

**Betty Katherine Brothers PIRRIE, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 12, 1992.

Permission to Appeal Denied by Supreme Court April 27, 1992.

Harlan Dodson, III, Lucina E. Smith, Dodson, Parker & Behm, Nashville, for plaintiff/appellant.

Maclin P. Davis, Jr., Tracey Coleman, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

The primary issue presented on this appeal is the interpretation of a property settlement agreement made when the parties divorced in 1979. The appellant also raises factual issues concerning the proper credits due on alimony and child support arrearages and whether the wife waived her right to future payments in 1981. We affirm the judgment below.

### I.

Mr. and Mrs. Pirrie divorced in 1979. They had two minor sons. In a property settlement agreement incorporated into the final decree, the parties agreed to joint custody of the children, and Mr. Pirrie

agreed to pay $120 per month to Mrs. Pirrie for each child when that child resided with her. In addition, the agreement provided the following with respect to alimony:

7. The Husband agrees to pay to the Wife as alimony the sum of $600.00 per month for a period of twelve months commencing with the month following that month in which the divorce action is final. Thereafter, Husband agrees to pay Wife: an amount equal to 20 percent of his gross available annual income, as below defined, provided that she shall not be entitled to any percentage of his gross available income exceeding $120,-000 in any calendar year, or the sum of $600.00 per month, whichever is greater. Gross available income shall be defined to mean all income received by Husband includable in income for purposes of federal income taxation, but less amounts paid by Husband, voluntarily or involuntarily, on or in relation to or arising out of debts existing as of the date of this Agreement, interest thereon, or renewals, replacements or extensions thereof. Such amount shall be paid to Wife within 30 days of the end of each calendar quarter, estimated as accurately as reasonably possible, with adjustments for overpayment or underpayment in prior quarters.

Then, applying to both child support and alimony, the agreement provided in paragraph nine:

9. It is understood between the parties that the Husband is entering into this Agreement beased [sic] on his prospects for future income. Husband is presently unemployed except in a speculative venture, has no assured income, and has very substantial debts, many of which he shares with Wife. The face amount of such debts, now past due, greatly exceeds the assets of Husband and Wife jointly. Husband's funds to make payments as provided for hereunder may be unexpectedly limited due to such debts or his employment situation. Husband shall be subject to no contempt proceeding and accrue no arrearage for unpaid amounts provided for under paragraphs 6 and 7, except to the extent that during the calendar quarter to which such nonpayment relates, Husband's available income, after provision for taxes, FICA payments, and amounts paid on or in relation to or arising out of debts existing as of the date of this Agreement, or renewals, replacements, or extensions thereof, and amounts paid under paragraph 4 above, exceeds $1,500 plus any and all amounts paid by Husband pursuant to paragraphs 6 and 7 relating to such quarter.

In February of 1990, Mrs. Pirrie filed a petition alleging that Mr. Pirrie was in contempt for failing to make the required child support and alimony payments. After a hearing in February of 1991, the trial judge found Mr. Pirrie in contempt and awarded Mrs. Pirrie a judgment for accrued child support and alimony of $4,400 and $95,169 respectively.

## II.

Mr. Pirrie asserts that paragraph nine under the property settlement agreement puts the burden of proof on Mrs. Pirrie, and in order to recover either child support or alimony arrearages, she must prove that his income in any particular quarter exceeded $1500 after subtracting his taxes, FICA payments, payments made on the parties' joint debts and payments made for the children. Since there is no proof in the record showing his income for any particular quarter, Mr. Pirrie asserts that the judgments against him must be reversed.

It is true that a spouse attempting to recover a judgment for unpaid child support or alimony has the burden of proving the amount due. *Woodard v. Woodard,* 783 S.W.2d 188 (Tenn.App.1989). But, the burden may be met by showing the order to pay and the fact of nonpayment. *Chappell v. Chappell,* 37 Tenn.App. 242, 261 S.W.2d 824 (1952); *Bradshaw v. Bradshaw,* 23 Tenn.App. 359, 133 S.W.2d 617 (1939). Then, in order to avoid being held in contempt, the respondent has the burden of showing his inability to pay. *Leonard v. Leonard,* 207 Tenn. 609, 341 S.W.2d 740

(1960); *State ex rel. Wright v. Upchurch,* 194 Tenn. 657, 254 S.W.2d 748 (1953); *Johnson v. Johnson,* 499 S.W.2d 268 (Tenn. App.1973).

■ These rules apply to the case before us. Paragraph seven of the property settlement agreement required Mr. Pirrie to pay twenty percent of his gross available income up to $120,000 in any calendar year or $600 per month, whichever is greater. Without any proof of Mr. Pirrie's income, Mrs. Pirrie could establish a prima facie case of an arrearage of $7,200 per year just by proving that no payments were made. She did more than that in this case by showing that in certain years Mr. Pirrie had an income of more than $120,000. It is true that her proof did not break Mr. Pirrie's income down as to quarters, but we do not think she was required to do that. Paragraph nine of the property settlement agreement provides Mr. Pirrie with a defense to an arrearage claim or a contempt citation. He has the affirmative of that issue, and he has the burden of showing he comes within the provisions of paragraph nine. *Big Fork Mining Co. v. Tenn. Water Quality Control Bd.,* 620 S.W.2d 515 (Tenn.App.1981). The failure to show that his income for any quarter was less than $1500 was Mr. Pirrie's failure.

### III.

Mr. Pirrie asserts that the trial judge failed to give him proper credits for the payments made in 1990, for taxes paid to the Internal Revenue Service for the years 1976 through 1979, and for the payments made to Mrs. Pirrie in 1988 and 1989.

■ These contentions are without merit. First, the judgment only covers the arrearages accrued through 1989. Payments made in 1990 should apply to the amounts due in 1990. Further, as to the tax payments for 1976 through 1979, the trial judge gave Mr. Pirrie credit for $10,500, the amount shown in his 1979 bankruptcy petition as having been paid. Although he testified that he had actually paid more than $60,000 to the Internal Revenue Service on the parties' joint obligation, he produced no documentary proof

of payments in any amount. The trial judge obviously did not believe Mr. Pirrie, and the trial judge's decision on the credibility issue is entitled to great weight. *Town of Alamo v. Forcum–James Co.,* 205 Tenn. 478, 327 S.W.2d 47 (1959). Finally, as to the payments Mr. Pirrie made to Mrs. Pirrie in 1988 and 1989, the record conclusively shows that the trial judge gave him credit for all the payments he made.

### IV.

Mr. Pirrie also asserts that Mrs. Pirrie waived or abandoned any claims arising under the property settlement agreement. He bases that contention (1) on conversations with Mrs. Pirrie allegedly occurring at various times through the years, (2) on the fact that she delayed so long on attempting to collect the arrearages, and (3) on the fact that she treated the payments made in 1988 and 1989 as loans.

■ We note that the property settlement agreement requires all amendments to its provisions to be in writing. In addition, the question of waiver or abandonment is one of fact. The trial judge specifically found that the parties did not agree to vacate or modify the final decree. That finding is entitled to a presumption of correctness unless the preponderance of the evidence is otherwise. Rule 13(d), Tenn. R.App.Proc. We cannot say the evidence preponderates against the finding.

### V.

■ Mr. Pirrie also asserts that Mrs. Pirrie's claims are barred by laches. His position is that because of the lapse of time between the accrual of any obligation and the assertion of any claim against him, the evidence to establish his defense had been lost. Thus, the two elements of laches— passage of time and prejudice—were present. *State ex rel. Elvis Presley v. Crowell,* 733 S.W.2d 89 (Tenn.App.1987).

We think a laches defense turns on the facts and the trial judge specifically found that both parties added to the confusion in this case by failing to promptly take action when some action was required. We do

not think that the record establishes the connection between the long delay and the loss of evidence. Therefore, Mrs. Pirrie's claims are not barred by the laches defense.

## VI.

Mrs. Pirrie asserts that Mr. Pirrie's appeal is frivolous. We think, however, that Mr. Pirrie raised legitimate issues in his appeal and that Mrs. Pirrie's contention should be denied.

The judgment of the court below is affirmed and the cause is remanded to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and LEWIS, J., concur.