# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### January 29, 2001 Session

# DWAYNE HAWKINS, ET AL. v. PATRICK A. HART, ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 96C-2528     Barbara N. Haynes, Judge**

---

**No. M2000-02449-COA-R3-CV - Filed November 15, 2001**

---

This matter began when Plaintiffs signed an agreement to purchase an automobile dealership from Defendant, Patrick Hart. Defendant Hart refused to honor this agreement and later agreed to sell the dealership to Defendant, Nelson Bowers. The current case flows from these breach of contract and inducement of breach of contract actions previously dismissed by the trial court and appealed to this Court. We are now asked to determine whether the trial court correctly applied the Court of Appeals decision in this matter. Plaintiffs appeal two orders issued by the trial court on remand: (1) an order dismissing claims for conversion and interference with business relations against the Bowers Defendants, reinstating the discretionary costs previously vacated by this Court in favor of the Bowers Defendants, and denying Plaintiffs' motion to amend to add additional claims and parties; and (2) a second order dismissing Plaintiffs' separate action against European Motors and Sonic Automotive, parties whom Plaintiffs had previously tried to join in the original action. We find that the trial court correctly interpreted and applied the Court of Appeals decision and affirm both orders in their entirety.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S. and PATRICIA J. COTTRELL, J., joined.

Steven A. Riley, Katharine R. Cloud, and Taylor A. Cates, Nashville, Tennessee, for the appellants, Dwayne Hawkins and Al Gossett.

John P. Branham and Kathryn Barnett, Nashville, Tennessee, for the appellees, Patrick A. Hart, Superior Motors, Inc., Nelson Bowers, II, and Bowers Transportation Group, LLC.

H. Wayne Grant and David M. Elliott, Chattanooga, Tennessee, for the appellees, Bownel EMN, LLC f/k/a European Motors of Nashville, LLC, Sonic Automotive, Inc., Sonic Automotive of Tennessee, Inc., and Sonic Automotive of Nashville, LLC.

## OPINION

# I.  Case History

This is round two of an action originally brought by Plaintiffs/Appellants, Dwayne Hawkins and Al Gossett, against Defendants/Appellees, Patrick Hart and Superior Motors, Inc. The facts regarding that original action are well set out in the previous opinion of this Court. *See Hawkins v. Hart*, No. 01A01-9707-CV-00294, 1998 WL 272926 (Tenn. Ct. App. May 29, 1998). In summary, Plaintiffs signed an agreement with Defendant, Patrick Hart, owner of Superior Motors, Inc. to purchase Superior Motors in September of 1995 (hereinafter the "Agreement.") Shortly after signing the Agreement, Hart determined that the terms were not advantageous to him and informed Plaintiffs that he was unwilling to proceed with the sale as agreed. The parties subsequently began negotiating new terms. Plaintiffs sued Hart and Superior Motors for breach of contract on July 8, 1996.

Hart entered into an agreement on August 16, 1996 with Nelson Bowers and his company, Bowers Transportation Group (hereinafter "the Bowers Defendants"), to sell Superior Motors to Bowers. On September 19, 1996, the Bowers Defendants were added to the 1996 law suit when the trial court granted Plaintiffs' Motion to Amend and allowed their First Amended Complaint, which asserted that Bowers held the assets of Superior in constructive trust and were liable for inducing breach of the agreement.

Prior to the actual sale of Superior Motors, Bowers assigned the contract to European Motors, another entity owned by Bowers. European Motors then purchased the assets of Superior Motors. In December 1996, Plaintiffs attempted to amend their Complaint to add European Motors as a defendant, asserting the same claims against them as previously asserted against the Bowers Defendants. In April 1997, Plaintiffs again attempted to amend their Complaint to add a new cause of action, interference with prospective economic advantage.

In addition, two motions for summary judgment were filed by Defendants in this matter and heard along with Plaintiffs' Motions to Amend. Hart and Superior filed a motion for summary judgment, which was granted in an Order dated April 21, 1997. In this Order, the trial court found that the Agreement was too uncertain to be enforced; therefore, Hart and Superior were entitled to summary judgment. The second motion was filed by the Bowers Defendants. In their motion, the Bowers Defendants argued that they were entitled to judgment as a matter of law since the undisputed evidence showed that the Agreement between Plaintiffs and Defendants, Hart and Superior, was breached prior to Bowers having any knowledge of the Agreement. Further, for the purposes of their summary judgment motion, Bowers specifically assumed the enforceability of the Agreement. The trial court also granted this second summary judgment motion and denied Plaintiffs' Motions to Amend in an Order dated April 28, 1997. Herein the court stated:

> 1.    As a matter of law, neither Bowers nor European can be liable for inducement of breach of contract under Tennessee Code Annotated § 47-50-109.
> 2.    The tort of intentional interference with a prospective economic advantage is not a recognized cause of action in Tennessee.

2

3. The imposition of a constructive trust on the assets of European purchased by Bowers from Superior Motors, Inc. is not an appropriate equitable remedy given the absence of liability under T.C.A. § 47-50-109, the facts as presented to the Court, and the findings in the Order granting Defendants Superior Motors, Inc., and Patrick A. Hart's Motion for Summary Judgment.

WHEREFORE, it is hereby ORDERED that Bowers' Motion for Summary Judgment is granted, Plaintiffs' Motion to Amend is denied, and this case is dismissed in its entirety with the costs taxed against the plaintiffs.

Plaintiffs then appealed the trial court's Orders to this Court. The issues presented for appeal, which are relevant to the matter currently at bar, were framed by Plaintiffs as follows:

I.      Whether a written purchase agreement for an automobile dealership is too uncertain to be enforced simply because it is conditioned upon the buyer's ability to obtain an acceptable lease or purchase of the premises and provides that the buyer will buy such of seller's used cars as seller and buyer may agree upon.

. . . .

III.    Whether a constructive trust may be imposed on the assets of Superior Motors where the assets were conveyed to a third party with knowledge of Appellants' written agreement to purchase those assets.

IV.    Whether Tennessee recognizes the tort of interference with prospective economic advantage.

In summary, this Court, in *Hawkins v. Hart*, 1998 WL 272926, made the following determinations from these presented issues:

1)      Tennessee does not recognize the tort of interference with prospective economic advantage, thus the trial court properly refused to allow the April 1997 amendment attempting to add this cause of action.
2)      The purchase of certain assets of the dealership may be enforceable, and a contract may be found to exist, thus summary judgment granted in favor of Hart and Superior was reversed.
3)      "[I]t was not error for the Trial Court to refuse to impose a constructive trust on assets conveyed to a third party." *Id.* at *10. A constructive trust is available only when damages are unavailable, and in this case, Plaintiffs have a remedy of damages.
4)      No reversible error was found with regard to the trial court's discretionary denial of Plaintiffs' leave to amend their First Amended Complaint.
5)      Discretionary costs were vacated subject to reinstatement.

3

The case was subsequently remanded for further proceedings.[1]

Further developments occurred in the case between the time the trial court dismissed the case and the Court of Appeals' decision. The assets Superior Motors, Inc. were again sold, this time by European Motors to Sonic Automotive, Inc.

On remand to the trial court, it became evident that the parties disagreed on what had actually been decided by the trial and appellate courts. Plaintiffs filed another Motion to Amend Complaint, ostensibly to conform with the Court of Appeals opinion, and attached their Third Amended Complaint. This Complaint continued to allege the inducement claim against the Bowers Defendants, continued to request a constructive trust, attempted to add European and Sonic Automotive as additional defendants, and alleged four new causes of action against all Defendants: (1) conspiracy to breach a contract, (2) interference with contractual relations, (3) intentional interference with a business relationship, and (4) conversion. The Bowers Defendants filed a Motion to Dismiss and for Reinstatement of Award of Discretionary Costs stating that no causes of actions still remained against them. In its December 2, 1999 Order, the court, again, refused to allow amendment to the Complaint, dismissed the Bowers Defendants from the case and reinstated the award of discretionary costs. This appeal ensued.

Plaintiffs then proceeded to file a separate action against Sonic Automotive[2] and European Motors in chancery court. This 2000 Complaint re-alleged the four causes of action previously asserted against Sonic and European in Plaintiff's Third Amended Complaint but not allowed by the circuit court. Upon motion of Defendants, the case was transferred to the circuit court division that originally heard the matter. Defendants then filed a Motion to Dismiss, and the trial court dismissed the Complaint in its entirety by order dated September 26, 2000. Plaintiffs then also appealed the trial court's actions in dismissing this 2000 Complaint against the additional Defendants. The appeal from the 2000 action was consolidated with the appeal already filed challenging the trial court's December 2, 1999 Order.

Plaintiffs assert that the trial court has misread the Court of Appeals' decision, and its own. They allege that this Court's decision held in favor of Plaintiffs and allowed an action against Superior, Hart and the Bowers Defendants, as well as the Sonic Defendants and European Motors. We disagree with Plaintiffs' reading of the trial court's Orders and the Court of Appeal's Opinion and affirm trial court's December 2, 1999 and September 26, 2000 Orders.

---

[1]     Two other issues, unrelated to the matter currently before the Court, were appealed to the Tennessee Supreme Court. *See Hawkins v. Superior Motors, Inc.*, 999 S.W. 2d 769 (Tenn. 1999). However, none of the above determinations at issue before this Court were appealed.

[2]     In addition to Sonic Automotive. Inc., Plaintiffs also included Sonic Automotive of Tennessee, Inc. and Sonic Automotive of Nashville, LLC as Defendants in this complaint. The two addition entities are related to Sonic Automotive.

4

## II. Correct Construction of the Previous Rulings

Our first job is to sort out and clarify what has happened previously in the trial court and this Court. All parties agree that Hart and Superior were dismissed from the original action based on the trial court's finding that the Agreement was too uncertain to be enforceable. This Court overturned the trial court's ruling with regard to those Defendants, finding that certain parts of the contract may be enforced. This Court further found that the remedy of damages was available to Plaintiffs against Hart and Superior; thus, it was proper for the trial court to refuse to impose a constructive trust against any third party to whom the assets were conveyed. We further affirmed the trial court's refusal to allow Plaintiffs' Motion to Amend, which would have added the additional claim of interference with prospective advantage since, as the trial court specifically noted in its Order, Tennessee does not recognize this cause of action. This Court's Opinion went on to find that the trial court's discretionary denial of leave to amend to add European as an additional defendant was not an abuse of discretion, and we affirmed the same. After the Court of Appeals' decision, the only claim left against the Bowers Defendants was inducement of breach of contract.

The trial court, in its April 28, 1997 Order, did not specifically state the reason for finding no inducement of breach of contract, but merely stated that "[a]s a matter of law, neither Bowers nor European can be liable for inducement of breach of contract." The undisputed facts showed that the involvement of Bowers and European came about after Hart and Superior's repudiation and alleged breach.

The only mention in this April 28 Order of the trial court's earlier decision granting Hart and Superior's motion for summary judgment is in regard to the denial of the equitable remedy of a constructive trust.[3] However, this previous finding that there was no contract was only one factor included in the trial court's reasons for not imposing a constructive trust. The court listed "absence of liability under T.C.A. § 47-50-109" as a separate and additional reason for finding no liability for inducement of breach of contract. Such finding is not dependent on, and separate from, the finding that the contract was too indefinite to be enforceable.

With the foregoing background and understanding, we now turn to a determination of the specific issues brought for review by Plaintiff in this appeal.

### III. Issues Presented for Review

I.     Whether the Trial Court's December 2, 1999 Order dismissing Plaintiffs' claims against the Bowers Defendants is in error.

II.    Whether the Trial Court erred in reinstating its award of discretionary costs to the Bowers Defendants, after this Court vacated that award.

---

[3]      This Court affirmed the denial of a constructive trust on other grounds finding that it was an inappropriate equitable remedy due to the availability of damages from Hart and Superior.

5

III.     Whether the Trial Court's December 2, 1999 Order denying Plaintiffs' Motion to Amend Complaint in Accordance with Appellate Court's Opinions is in error.

IV.     Whether the Trial Court's dismissal of the 2000 Action against European Motors and Sonic Automotive is in error.

## IV.  The Dismissal of the Bowers Defendants on Remand

On remand, the trial court properly dismissed the Bowers Defendants from the 1996 action. Their dismissal on remand by the trial court was a procedural matter, as no viable claims still existed against them and the trial court  was reinvested with powers to enforce its judgment, as modified by the appellate court.  *Inman v. Inman*, 840 S.W.2d 927, 932 (Tenn. Ct. App. 1992).  This Court affirmed the previous dismissal of all appealed claims against the Bowers Defendants.  Review of the dismissal of the inducement claim, which was based on Defendants' argument that the Agreement was breached prior to Bowers having any knowledge of the Agreement or involvement with Hart, was not sought.  The denial of the request for a constructive trust was affirmed, and the denial of Plaintiffs' prior Motion to Amend to add an additional cause of action was also affirmed. No viable claims still existed against the Bowers Defendants.

A.     Plaintiffs failed to appeal the trial court's reason for dismissing the claim for inducement of breach of contract

Plaintiffs' claim for inducement of breach of contract against the Bowers Defendants was dismissed on the merits by the trial court based on the fact that the Agreement was breached prior to the Bowers Defendants having any knowledge of the Agreement or entering into any discussion with Hart.  In order to state a claim for inducement of breach of contract, Plaintiffs had to show: (1) a legal contract, (2) Defendants' knowledge of the contract, (3) an intention to induce its breach, (4) malice, (5) breach of the contract, (6) proximate cause of the breach, and (7) damages resulting from the breach.  *See Buddy Lee Attractions, Inc. v. William Morris Agency, Inc.*, 13 S.W.3d 343 (Tenn. Ct. App. 1999).   It is obvious from the undisputed fact that Hart refused to perform the Agreement on the same day it was signed, and before the Bowers Defendants knew anything about the Agreement or were involved in negotiations to buy Superior, that Plaintiffs did not present a prima face case of inducement of breach.  The trial court found, as a matter of law, that the elements of inducement of breach of contract did not exist.  This issue was not appealed to this Court or to the supreme court as a part of the previous appeal.

Plaintiffs now assert that their appeal of the trial court's finding that the Agreement was too uncertain to be enforced was also an appeal of the finding of no liability for inducement of breach of contract as a matter of law.  However, Plaintiffs did not assert error in the court's determination that "as a matter of law neither the Bowers Defendants nor European Motors can be liable for inducement of breach of contract," and never specifically argued in their brief that dismissal of the inducement claim was in error or that the Bowers Defendants had any knowledge of the Agreement prior to its breach. Appellants, in their brief on the previous appeal, specifically disavowed that their claim for inducement to breach was an issue on appeal.

6

Plaintiffs argue that this Court's determination that the contract was enforceable revives this inducement claim. However, the trial court's dismissal of the inducement claim did not rely upon its separate determination that the contract was unenforceable. In fact, the Bowers Defendants expressly assumed that the contract was enforceable for the purpose of their Motion for Summary Judgment. Defendants' motion was, thus, granted on Plaintiffs' failure to prove the elements of inducement as a matter of law, i.e. that the Bowers Defendants had any knowledge of the Agreement prior to its breach.

This fact is further evident upon review of the Memorandum in Support of Defendants Nelson Bowers, II and Bowers Transportation Group, LLC's Motion to Dismiss and for Reinstatement of Award of Discretionary Costs filed after remand to the trial court. This Memorandum makes the same arguments with regard to interpretation of the trial court's April 28, 1997 Order granting summary judgment to the Bowers Defendants, analysis of the issues subsequently appealed, and an explanation of this Court's Opinion. The trial court obviously agreed with Defendants' analysis of its April 28, 1997 order and subsequent decision by the Court of Appeals and dismissed the Bowers Defendants from the case.

In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a). "Where a party makes no legal argument and cites no authority in support of a position, such issue is deemed to be waived and will not be considered on appeal." *Braunm v. Akins*, 978 S.W.2d 554, 557 n.2 (Tenn. Ct. App. 1998); *see also Morris v. Snodgrass*, 886 S.W.2d 761 (Tenn. Ct. App. 1994); *Maryville Housing Authority v. Ramsey*, 484 S.W.2d 73 (Tenn. Ct. App. 1972). Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals.

Plaintiffs did not mention the inducement claim in their statement of the issues appealed and did not make any arguments regarding when the Agreement was breached, when Defendants had knowledge of the Agreement, and how Defendants' actions could have proximately caused the breach. The issues upon which the trial court found no inducement as a matter of law were not appealed to this Court.

B.    The Law of The Case

The Court of Appeals remanded the case to the trial court for further proceedings in conformity with its opinion. As there was no mention of the inducement claim, nothing could be conformed to the opinion with respect to that claim. With regard to those claims brought against the Bowers Defendants and appealed to the Court of Appeals, the judgment of the trial court was affirmed. Thus, the determination made on these matter becomes the "law of the case."

The phrase "law of the case" refers to a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal

7

of the same case. In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

. . . [I]t is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of the lower courts to the decisions of appellate courts.

Therefore, when an initial appeal results in a remand to the trial court, the decision of the appellate court establishes the law of the case which generally must be followed upon remand by the trial court, and by an appellate court if a second appeal is taken from the judgment of the trial court entered after remand.

*Memphis Publ. Co. v. Tennessee Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998) (citations omitted). When a remanded cause has been re-entered on the docket, it stands exactly as it did when the appeal was granted, except insofar as changed by the appellate courts. *Raht v. Southern Ry. Co.*, 387 S.W. 2d 781,787 (Tenn. 1965). Further, "[t]he Trial Court on remand has full powers to implement and enforce its judgment as modified." *Inman,* 840 S.W.2d at 932.

The only modifications of the trial court's orders were the finding that certain terms in the Agreement might be definite enough to form a contract and the determination to vacate the award of discretionary costs subject to reinstatement. Otherwise the case stood "exactly as it did when the appeal was granted." *Raht*, 387 S.W.2d at 786. No change was made in the trial court's holding on the inducement claim since that issue was not appealed; thus, that claim stood as previously determined when the case was remanded. The Court of Appeals affirmed the denial of the request for a constructive trust and the denial of Plaintiffs' Motion to Amend to add the additional cause of action of interference with prospective economic advantage. Hence, as reentered on the trial court's docket, the Bowers Defendants were already dismissed from the case just as they were prior to the appeal.

## V. Denial of Plaintiffs' Motion to Amend the Complaint

The denial of a motion to amend the pleadings lies within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion.

Unless a trial court has applied an incorrect legal standard, or it affirmatively appears on the record that a trial court abused its discretion, appellate reversal is not warranted. Discretion denotes the absence of a hard and fast rule. When invoked as a guide for judicial action, it requires that the trial court view the factual circumstances in light of the relevant legal principles and exercise considered discretion before reaching a conclusion. Discretion should not be arbitrarily exercised. The applicable facts and law must be given due consideration. An appellate court should not reverse for "abuse of discretion" a discretionary judgment of a trial court unless it affirmatively appears that the trial court's decision was against logic or reasoning, and caused injustice or injury to the party complaining.

*Ballard v. Herzke*, 924 S.W.2d 652, 661 (Tenn. 1996) (citations omitted).

In 1993, the Tennessee Supreme Court determined that the standard for reviewing a discretionary decision regarding amendments to a complaint in Tennessee is essentially the same as that articulated by the federal courts dealing with the Federal Rule of Civil Procedure. "The Rules put forth a liberal policy of permitting amendments in order to ensure determination of claims on their merits. . . . An abuse of discretion occurs when a district court fails to state the basis for its denial of a motion or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent." *Henderson v. Bush Bros. & Co.*, 868 S.W.2d 236, 237 (Tenn. 1993) (citations omitted). Tennessee courts have also provided some guidelines to weigh in determining whether a trial court has abused its discretion. "Rule 15[] sets out some of the broad and legitimate factors a trial judge should weigh in considering a Motion to Amend: Undue delay in filing; lack of notice to the opposing party; bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the amendment." *Merriman v. Smith*, 599 S.W.2d 548, 559 (Tenn. Ct. App. 1979).

A. No abuse of discretion in not allowing the causes of action against the Bowers Defendants

1. Re-assertion of causes of action previously brought

As Defendants' Motion for Summary Judgment had been granted in favor of the Bowers Defendants by the trial court in its April 28, 1997 Order and the Court of Appeals did nothing to alter that Order with regard to the Bowers Defendants, when the case was remanded to the trial court these Defendants were already dismissed from the case. When Plaintiffs made their third Motion to Amend and requested the allowance of the Third Amended Complaint, they re-alleged the causes of action that had previously been ruled on by the trial court in its summary judgment Order and appealed to the Court of Appeals without success. Since these claims against the Bowers Defendants were already determined by the trial court and the Court of Appeals, the Law of the Case prevents re-litigation of these issues.

2.     Claim for conversion

In Plaintiffs' First Amended Complaint they made the following allegations against the Bowers Defendants: (1) That they notified the Bowers Defendants of their intent to enforce the Agreement, and in spite of their intent, Bowers induced breach of the contract by offering to pay more if Hart would sell to them; (2) That "[a]s a proximate result of the actions of [the Bowers Defendants], Hart and Superior breached the Contract. . . . [and] are liable for interference with the Contract;" (3) That the Bowers Defendants "have entered into a contract to purchase the same assets defendants has (sic) agreed to sell to plaintiffs. As a result . . . this Court should impose a constructive trust and equitable lien on such assets *in the hands of Hart and Superior* and, *if* the assets are transferred to Bowers or Bowers Transportation, in the hands of Bowers and Bowers Transportation." (emphasis added) These allegations never properly asserted a claim for conversion against the Bowers Defendants in the First Amended Complaint. The Bowers Defendants were only on notice that they were being sued for inducement of breach of contract and for imposition of a constructive trust or equitable lien based upon this alleged inducement. Even under the liberal notice pleading requirements, Plaintiffs' First Amended Complaint makes a claim for inducement only.

In addition, the Bowers Defendants were added to this matter in September 1996 and Defendants' Motion to Dismiss was granted in April 1997. A claim for conversion could have, and should have, been pled prior to the Summary Judgment hearing. Plaintiffs failed to cure this deficiency in its pleading prior to the summary judgment being granted and the Bowers Defendants being dismissed from the case. Thus, it was not an abuse of discretion for the trial court to refuse to allow this claim against a defendant already dismissed from the action, essentially preventing Plaintiffs from re-joining them in the action and forcing them to fight a new battle that could have been fought several years earlier.

We also find no abuse of discretion in the court's failure to allow this claim against Hart and Superior. As with Bowers, this claim should have been alleged prior to the hearing on Defendants' summary judgment, and we believe this undue delay is ample reason to find no abuse of discretion. However, considering the undisputed fact that the contract was breached prior to any of the other Defendants' involvement with Hart and Superior, we also believe the amendment would be futile and a waste of time.

3.     It was not abuse of discretion for the trial court to refuse to allow the additional business tort actions against the Bowers Defendants

Plaintiffs attempted to assert three new causes of action against the Bowers Defendants. 1. Conspiracy to breach a contract. 2. Interference with contractual relations. 3. Intentional interference with a business relationship. First, These claims are based on the same facts as the original inducement to breach the contract claim. Defendants' actions, which were the underlying basis of the inducement claim, were considered by the trial court in Bowers Defendants' Motion for Summary Judgment and found insufficient to state a claim for inducement. The Conspiracy

10

and Interference claims would require the same basic show of facts that the trial court found lacking in its April 28, 1997 Order granting summary judgment. Thus, it would be futile to add these additional claims. The Court of Appeals opinion does not contain any suggestion that Plaintiffs should be allowed to amend their complaints; nor did this Court reverse the dismissal of any claims against the Bowers Defendants. Second, as with the conspiracy claim, all these claims could have, and should have, been pled prior to the Summary Judgment hearing. As such, Plaintiffs failed to show any abuse of discretion in the trial court's refusal to allow these new claims against the Bowers Defendants.

B.      Addition of New Defendants and New Causes of Action

1.      European Motors

In their Third Amended Complaint, Plaintiffs attempted to, once again, add European Motors as a defendant in this matter. In its April 28, 1997 Order, the trial court had already refused to grant Plaintiffs' leave to amend the Complaint to add European Motors as a defendant. In that Order, the court specifically stated that, just like the Bowers Defendants, European Motors was not liable as a matter of law for inducement of breach of contract. The Court of Appeals affirmed this finding stating that there was no reversible error in the trial court's denial of leave to amend the Complaint. This determination became the law of the case. Plaintiff is, thus, barred from re-asserting the claim for inducement of breach of contract against European Motors.

Likewise, we find no abuse of discretion in the trial court's failure to allow European to be added as a defendant under the newly averred causes of action, due to the undue delay of Plaintiffs and futility of the actions. As with Bowers, the conversion, conspiracy to breach a contract, and interference with contractual relations claims would be futile based on the court's previous finding that the contract was already breached.

2.      The Sonic Defendants

Plaintiffs also requested leave to amend their complaint and add Sonic Automotive, Inc. as an additional defendant. Against this new defendant, they asserted the same causes of actions already discussed: (1) conspiracy to breach a contract, (2) interference with contractual relations, (3) intentional interference with a business relationship, (4) inducement to breach a contract, and (5) conversion. These claims are based on the same facts as the original inducement to breach contract claim asserted against the previous Defendants. Defendants' actions, which were the underlying basis of the inducement claim, were considered by the trial court in Bowers Defendants' Motion for Summary Judgment, and it stands to reason that, if the contract was already breached at the time the Bowers Defendants entered into negotiations with Hart and Superior, the Agreement was already breached when Sonic Automotive wandered into the picture some years later. As such, it is evident that the trial court considered all claims, based on any allegation that Sonic somehow induced, caused, conspired, or was otherwise involved in the breach of contract, futile.

11

Also, to maintain a claim for interference with a business relationship, Plaintiffs would have to show that a valid business relation or expectancy existed, that Sonic knew of that relationship or expectancy, that they intended to interfere inducing or causing a termination of that relationship, and resulting damages. *New Life Corp. of Am. v. Thomas Nelson, Inc.*, 932 S.W.2d 921, 927 (Tenn. Ct. App. 1996). Considering the point at which Sonic entered into this mess,[4] it seems obvious that any notion that a business relationship or expectancy existed at that time is absurd.

As for the conversion claim, we find it equally futile. In order to maintain a claim for conversion, "a plaintiff must show a right to possession of the item converted at the time of its conversion." *Marshall v. Bostic*, No. 02A01-9406-CV-00141, 1995 WL 115971 at *3 (Tenn. Ct. App.). At the time Plaintiffs attempted to add the claim for conversion, the court had already determined that no constructive trust could be imposed and that Plaintiffs' remedy lay in the form of damages.

Plaintiffs make the inference that this Court allowed them to assert new claims against additional defendants when it stated in its opinion that "Plaintiffs have the remedy of recovery of damages." However, this statement was made in connection with the denial of the remedy of constructive trust. The opinion does not contain any suggestion that Plaintiffs should be allowed to amend their complaints to allege damages against any other entity. Thus, the trial court did not abuse it s discretion in refusing to allow these claims against Sonic Automotive.

### C. Request for a constructive trust

In their proposed Third Amended Complaint, Plaintiffs again request the remedy of a constructive trust on the assets that are the subject of this litigation. This Court's opinion, however, already disposed of this issue finding that it was not error for the trial court to refuse to impose a constructive trust on assets conveyed to a third party. Thus, the denial of a constructive trust was appropriate, no matter which third party owns the assets. The trial court did not abuse its discretion in denying Plaintiffs' Motion to Amend the Complaint to re-add the remedy of constructive trust.

## VI. Discretionary costs

The trial court previously awarded discretionary costs to all Defendants as the prevailing parties. The award to the Bowers Defendants was for the cost of deposition transcripts. The Court of Appeals held that "the judgment for discretionary costs is vacated, subject to reinstatement, if justified." As the Bowers Defendants are still the prevailing parties after remand, they were

---

[4] The record does not provide the exact date that negotiation began between European and Sonic, nor does the record reveal the date the parties entered into an agreement or the date they consummated the sale. However, Plaintiffs admit in their brief that negotiation between European and Sonic began during the pendency of the appeal and that they first notified Sonic of their alleged claim to the Superior assets on November 21, 1997, a month after the Court of Appeals entered its decision in this matter.

entitled to discretionary costs that were shown to be reasonable and necessary in defending the case. Thus, the trial court did not abuse its discretion in reinstating the discretionary costs

## VII. Dismissal of the 2000 action

'It is a familiar principle that, when a court of competent jurisdiction acquires jurisdiction over the subject matter of a case, its authority continues, *subject only to the appellate authority*, until that matter is finally and completely disposed of, and that no court of coordinate authority is at liberty to interfere with its action.' 14 Am.Jur. p. 435, section 243. (Italics those of this Court.)

. . . When a litigant is cast in a lawsuit, he has the right of appeal to the proper appellate tribunal where any error of the lower court can be corrected. He should not be permitted to run from one court of equal jurisdiction to another of the same jurisdiction and there relitigate the same matter.

*Haley v. Doochin*, 208 S.W.2d 756, 757 (Tenn. 1948). Thus, the authority of the circuit court over these parties and these issues continued at the time the 2000 action was filed by Plaintiffs in chancery court. Once transferred back to the circuit court, that court adhered to *Hailey* and declined to allow Plaintiffs to relitigate the same issues previously involved in the circuit court litigation.

## VII. Conclusion

This suit began as an action between Hawkins and Gossett, on the one hand, and Patrick A. Hart and Superior Motors, Inc., on the other, for breach of contract. It has now been twice through the Court of Appeals and once through the Supreme Court. It remains a suit between the same parties for breach of contract.

The actions of the trial court are in all respects affirmed and the case is remanded for trial as a breach of contract case. Costs of this cause are assessed against the appellants for which execution may issues.

_____
WILLIAM B. CAIN, JUDGE

13