# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 16, 2025 Session

## JANINE M. LAMOTHE ET AL. v. DEER HILL VILLAGE HOMEOWNERS' ASSOCIATION, INC.

### Appeal from the Chancery Court for Campbell County
### No. 7CHI-2023-CV-115    Elizabeth C. Asbury, Chancellor

_____

### No. E2024-00465-COA-R3-CV

_____

Deer Hill Village Homeowners Association ("the HOA") appeals from the order of the Chancery Court granting summary judgment to Plaintiffs Janine M. Lamothe and Matthew T. Davenport (hereinafter "Appellees"). The underlying controversy is a request from Appellees, who own a condominium in Deer Hill Village, to inspect the HOA's corporate records pursuant to Tennessee Code Annotated § 48-66-102 *et seq.* After subsequent filings from both parties, including multiple motions to enlarge time for discovery from the HOA, the Chancery Court granted Appellees' motion for summary judgment. The HOA timely appealed to this Court. Having determined that the Chancery Court failed to state the legal and factual grounds on which it was granting summary judgment, we vacate the order at issue and remand for entry of an order that complies with Rule 56.04 of the Tennessee Rules of Civil Procedure.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Ameesh A. Kherani, Jacksboro, Tennessee, for the appellant, Deer Hill Village Homeowners Association, Inc.

Steven A. Taylor, Fort Mitchell, Kentucky; and J. Chadwick Hatmaker, Knoxville, Tennessee, for the appellees, Janine M. LaMothe and Matthew T. Davenport.

# OPINION

## BACKGROUND

This appeal involves a dispute over access to HOA records. Appellees automatically became members of the HOA upon purchase of their condominium in October 2020. After multiple internal requests to the HOA for information, Appellees filed an Application to Inspect Corporate Records with the Campbell County Chancery Court on June 14, 2023. The HOA filed an Answer on July 31, 2023, wherein it "denied that [Appellees'] claims are legitimate" and raised as affirmative defenses that Appellees had "fail[ed] to satisfy a condition precedent" and "fail[ed] to establish compliance" with Tennessee Code Annotated § 48-66-102.

On October 2, 2023, Appellees filed a motion for summary judgment, as well as a memorandum and their own sworn affidavits. Copies of three letters that Appellees and their attorney sent to the HOA requesting to inspect corporate information were attached as exhibits. In the letters, Appellees expressed concerns that during their time in the community, they had "not received any notice of meetings, information about the board, voting, dues/assessments, etc." and that Appellees had "grown more and more concerned about the operation of the HOA," including "who is making all decisions and who is paying for what without any input from us." The HOA filed a response on December 6, 2023, noting that Appellees failed to comply with Tennessee Rule of Civil Procedure 56.03, which requires that a moving party include a "separate concise statement of the material facts" in their motion for summary judgment. The HOA asked the Chancery Court to deny the motion or hold it in abeyance until Appellees complied with Rule 56.03. With respect to the substance of Appellees' motion, the HOA simply "dispute[d] the allegations" set forth therein and incorporated its Answer by reference.

The HOA filed a supplemental affidavit on December 12, 2023, a statement from its Administrative Assistant in which she claimed to have "corresponded with [Appellees] by email on numerous occasions providing them with updates and the financial information on a regular basis." She also stated that Appellees were behind on their payments, were seeking duplicative information "simply for the purposes of harassment" and, ultimately, requesting to inspect HOA records "for improper purpose and in bad faith."

On December 21, 2023, Appellees filed a Rule 56.03 statement of material facts in support of their motion for summary judgment. They asserted that the demand to inspect HOA records was made in good faith based on concerns about the operation of the HOA, the fact that Appellees had never been given an opportunity to vote, and a general lack of information about "who is making decisions" and "who is paying for what without any input from the HOA's members." The HOA filed a motion to enlarge its time to respond on December 27, 2023, seeking the opportunity to conduct discovery depositions of Appellees and reiterating its affirmative defense that Appellees failed to comply with

- 2 -

Tennessee Code Annotated § 48-66-102. Appellees opposed the motion to enlarge, noting that the HOA had made no requests to take their depositions in the three months since Appellees filed their affidavits and that Tennessee Code Annotated § 48-66-104(b) requires trial courts to dispose of applications for inspection of corporate records "on an expedited basis."

The HOA filed three motions on January 22, 2024: (1) a motion to stay the action and refer the matter to arbitration pursuant to its Master Deed, which provides for arbitration or "[a]ny disputes or controversies between the [HOA], or any Unit Owner, and the Developer lying in contract or quasi contract"; (2) a motion for leave to amend its Answer; and (3) an additional motion to enlarge its time to respond to the motion for summary judgment. Appellees opposed these motions, arguing that the arbitration provision does not apply to a request to inspect corporate records and that the HOA was simply seeking to delay resolution of the matter.

Also on January 22, the HOA filed a response to Appellees' Rule 56.03 statement of material facts. The response was based upon affidavits the HOA anticipated securing from two witnesses. The HOA disputed that Appellees' requests for information were made in good faith, reiterating that Appellees had already been provided with the requested information "on numerous occasions" and were delinquent in paying their fees. The HOA also stated that Appellees had "constantly been a source of harassment without justifiable reason" and were not entitled to any say in the affairs of the HOA because the developer had not yet sold all the units. The HOA amended its response regarding Appellees' purported lack of good faith on January 26, 2024, reiterating the above and asserting that Appellees' requests were "designed solely for the purpose of harassment and finding an excuse to not pay their delinquencies," that Appellees "started to make redundant demands for records and in retaliation" when they learned that the HOA intended to enforce their delinquent fees, and that Appellees' financial delinquency affected any rights they might have against the HOA.

The Chancery Court heard the motion for summary judgment on January 29, 2024, and found in favor of Appellees. The resulting order (the "Order"), entered March 1, 2024, does not contain any findings of fact or conclusions of law and simply states: "Having considered Plaintiffs' Motion, the Defendant's Response, and the arguments of counsel, it is hereby ordered that Plaintiffs' Motion for Summary Judgment is hereby **GRANTED**." The Order then directs the HOA to provide its charter, bylaws, relevant board resolutions, and meeting minutes to Appellees pursuant to Tennessee Code Annotated §§ 48-66-101(e) and 102(b).

**ISSUE**

The HOA's appellate brief fails to provide a statement of issues for our review. This Court could dismiss the appeal on this basis alone. *See* Tenn. R. App. P. 27(a)(4); *Hodge*

*v. Craig*, 382 S.W.3d 325, 334 (Tenn. 2012) (citing Tenn. R. App. P. 13(b)) ("Appellate review is generally limited to the issues that have been presented for review."); *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("Courts have consistently held that…[a]n issue not included [in the statement of issues] is not properly before the Court of Appeals."). However, we conclude that the HOA's failure to provide a statement of issues does not preclude our review. Tenn. R. App. P. 2 ("For good cause…[this Court] may suspend the requirements or provisions of any of [the Tennessee Rules of Appellate Procedure] in a particular case on…its [own] motion….").

The following appears under the "Argument" subheading in the HOA's Table of Contents and is repeated as the subheading of the Argument section itself:

> The Trial Court erred when it granted [Appellees'] Motion for Summary Judgment without allowing the [HOA] to engage in discovery as it is entitled to under the Rules of Civil Procedure. Alternatively, the Trial Court erred in granting Summary Judgment when material facts have been disputed by the [HOA].

Although not listed in the Table of Contents, the statements below appear in the body of the HOA's Argument section:

> [The] Trial Court did not, in its Order, state the legal grounds upon which the Court granted [Appellees'] Motion for Summary Judgment, an infraction of Rule 56.04 of the Tennessee Rules of Civil Procedure….The Trial Court's Order[] is devoid of any explanation on the basis upon which the Trial Court denied the [HOA] time to conduct discovery or the basis for the grant of [Appellees'] Motion for Summary Judgment. For this reason, in addition to the reasons set forth herein, the grant of summary adjudication must be reversed.

Utilizing our discretion under Rule 2 of the Tennessee Rules of Appellate Procedure, we will consider the foregoing to be the HOA's statement of the issues.

STANDARD OF REVIEW

This Court's review of a grant of summary judgment is *de novo* with no presumption of correctness, meaning "we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" in its final order.

- 4 -

On appeal, the HOA argues that the Chancery Court erred in granting Appellees' motion for summary judgment. Specifically, the HOA maintains that the Chancery Court did not allow adequate time for discovery, as required by the records inspection statutes, and failed to state the legal grounds upon which the grant of summary judgment rested, in violation of Tennessee Rule of Civil Procedure 56.04. Alternatively, the HOA argues that a genuine issue of material fact remains as to whether Appellees' requests for information were made in good faith and for proper purpose as required by Tennessee Code Annotated § 48-66-102(c). Appellees maintain that the Chancery Court correctly granted summary judgment in their favor and that its Order satisfied the obligations of Tennessee Rule of Civil Procedure 56.04 by citing to the controlling statutes.

The Chancery Court's compliance with Tennessee Rule of Civil Procedure 56.04 is a threshold question this Court must address before reaching the other arguments raised by the HOA. Rule 56.04 provides that "[t]he trial court shall state the legal grounds upon which the court denies or grants the motion, which shall be included in the order reflecting the court's ruling." This requirement is intended to promote respect for legal decisions and provide adequate information for appellate courts to conduct effective review. *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 313 (Tenn. 2014) (stating that before said requirement was imposed, "skeletal orders containing no explanation of the reasons for granting the summary judgment were complicating the ability of the appellate courts to review the trial court's decision"); *see, e.g.*, *Church v. Perales*, 39 S.W.3d 149, 157 (Tenn. Ct. App. 2000) (noting that such "skeletal" orders require courts of appeals to "perform the equivalent of an archeological dig [to] endeavor to reconstruct the probable basis for the [trial] court's decision") (quoting *Camilo-Robles v. Hoyos*, 151 F.3d 1, 8 (1st Cir. 1998)).

Here, as pointed out by Appellees, the Chancery Court cites Tennessee Code Annotated §§ 48-66-101(e) and 102(b), which govern requests for corporate records, in the Order's directive to the HOA to provide information to Appellees. However, the Order provides no explanation as to why Appellees are entitled to summary judgment beyond this basic citation and the assertion that the Chancery Court reached its conclusion "[h]aving considered Plaintiffs' Motion, the Defendant's Response, and the arguments of counsel." We are mindful of the fact that the issues in this litigation are not complex and simply invoke a request to review records under the statute. However, the statute contains requirements that must be met before inspection is allowed. Specifically, subsection (c) provides:

> c. A member may inspect and copy the records identified in subsection (b) only if:

> (1) The member's demand is made in good faith and for a proper purpose;

(2) The member describes with reasonable particularity the purpose and the records the member desires to inspect; and

(3) The records are directly connected with the purpose for which the demand is made.

Tenn. Code Ann. § 48-66-102.

The HOA made specific arguments regarding why it believed these requirements were not met, i.e., that the demand was not in good faith and that the records had already been provided. The Order also fails to address the HOA's argument that discovery is warranted prior to adjudication of the motion. The Order does not address these arguments, and this substantially hampers our ability to review the Chancery Court's decision on appeal.

Accordingly, we are constrained to vacate the Chancery Court's Order and remand for the Chancery Court to make specific findings as to the contested issues.

## CONCLUSION

We vacate the judgment of the Campbell County Chancery Court and remand the case for further proceedings consistent with this opinion. Costs of this appeal are taxed equally to the appellant, Deer Hill Village Homeowners Association, Inc., and to the appellees, Janine M. LaMothe and Matthew T. Davenport, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE