IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 13, 2015 Session

**TAMAR v. WILLIAM B. BATTE, ET AL.**

**Appeal from the Chancery Court for Shelby County**
**No. CH1411552     Walter L. Evans, Chancellor**

_____

**No. W2014-01975-COA-R3-CV – Filed June 8, 2015**
_____

This is an appeal from the trial court's dismissal of Appellant's petition for a temporary restraining order and injunctive relief. Although Appellant was represented by counsel at oral argument, she filed her initial appellate brief and reply brief to this Court *pro se*. Significant procedural shortcomings in Appellant's brief prevent this Court from reaching the merits of the appeal. We, therefore, dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the Court, in which BRANDON O. GIBSON, J., and KENNY ARMSTRONG, J., joined.

Larry A. Diamond, Memphis, Tennessee, for the appellant, Tamar.

William E. Cochran, Jr., Memphis, Tennessee, for the appellees, William B. Batte, Bonnie Batte, Zeni Batte Schleter, Will Schleter, Laurance E. Batte, Jr., and Pat Batte.

**MEMORANDUM OPINION[1]**

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

Florence Joy Batte ("Decedent") died on December 23, 2013. Her Last Will and Testament ("Will") was admitted to probate on January 3, 2014. Decedent's brother, William B. Batte, was appointed as Personal Representative of her estate. At the time of Decedent's death, she owned real estate located at 8155 Memphis-Arlington Road in Shelby County, Tennessee. In her Will, executed on November 18, 2013, the Decedent provided:

> I direct that my residence known as 8155 Memphis-Arlington Road, Shelby County, Tennessee . . . be administered as part of my estate, subject to the control of the Personal Representative. I authorize my Personal Representative to sell said real property for such price and upon such terms as my Personal Representative deems reasonable and proper, with the net proceeds resulting from said sale to be added to and disposed of as part of my residuary estate.

Ms. Tamar[2] was residing in the home with the Decedent allegedly as a caretaker, and she remained in the home after Decedent's death. On April 21, 2014, counsel for the Personal Representative sent a letter to Ms. Tamar directing her to vacate the home by July 17, 2014. At this point, the Personal Representative had listed the home for sale. Counsel for the Personal Representative sent a second letter to Ms. Tamar on July 1, 2014, again directing Ms. Tamar to vacate the home by July 17, 2014.

Ms. Tamar refused to vacate the home by July 17, 2014. According to the Decedent's relatives ("Appellees" or "the Battes"), the Personal Representative filed a forcible entry and detainer ("FED") action in the General Sessions Court of Shelby County. The filing date of the FED action is unclear from the record. However, the Battes assert that the FED action was set for trial on July 30, 2014, in Shelby County General Sessions Court.

Two days before the trial date in the FED action, Ms. Tamar filed a "Petition for Issuance of Emergency Temporary Restraining Order to Stay Real Property and Imposition of Permanent Injunctive Relief, [Etc.]" in the Chancery Court of Shelby County against the Battes. In her petition, Ms. Tamar alleged that she had served as the Decedent's caretaker for

---

[2] Throughout these proceedings, it appears that Ms. Tamar has been referred to by a single name. All of her filings in the trial court and this Court have been signed as either "Tamar" or "Ms. Tamar." Thus, like the trial court, we refer to her as Ms. Tamar.

several years and cleaned up the home after Decedent's death, claiming that the Decedent was a "hoarder." She further alleged that Decedent told her she could continue residing in the home, but that Decedent's relatives, including the Personal Representative, had used violence to threaten Ms. Tamar into moving out of the home. Specifically, Ms. Tamar alleged that the Battes forcibly entered the home various times. She contends that members of the Batte family cursed at her, threatened her with crowbars, and went through her possessions. In her petition, Ms. Tamar sought a temporary restraining order and injunctive relief against the Battes to prohibit them from coming onto the property or having contact with Ms. Tamar. Upon the filing of Ms. Tamar's petition in chancery court, the Battes assert that the general sessions court continued the trial date in the FED action to August 27, 2014.

On August 8, 2014, the Battes filed an answer to Ms. Tamar's petition, contending that Ms. Tamar stated no cause of action. The Battes explained that Ms. Tamar's petition failed to include any allegations, claims, or evidence of a written conveyance demonstrating Ms. Tamar's interest in the Decedent's real estate, including her home, in contravention of the Statute of Frauds. Additionally, the Battes requested that Ms. Tamar's testimony be barred pursuant to the Dead Man's Statute.[3]

Ms. Tamar's petition was set for hearing on August 12, 2014, but Ms. Tamar requested a continuance. According to the Battes, Ms. Tamar told the chancery court that she was in the process of retaining an attorney and needed more time to do so. The chancery court entered an order continuing the case until August 25, 2014. On August 25, 2014, according to the Battes, Ms. Tamar again appeared *pro se* and requested another continuance. The chancery court declined to continue the case again. The Battes moved the chancery court to dismiss Ms. Tamar's petition for failure to state a claim, and the trial court granted the motion, dismissing the petition with prejudice by entry of an order on August 25, 2014.

The general sessions FED action was eventually tried on August 27, 2014, and a judgment was entered in favor of the Personal Representative that he be restored possession of the home.[4]

---

[3] Tennessee Code Annotated Section 24-1-203, also known as the Dead Man's Statute, provides, in relevant part:

> In actions or proceedings by or against executors, administrators, or guardians, in which judgments may be rendered for or against them, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate, or ward, unless called to testify thereto by the opposite party.

[4] Ms. Tamar appealed the general sessions court's judgment to the circuit court. Her case in circuit

Ms. Tamar timely filed a notice of appeal regarding the chancery court's dismissal of her petition.

**Issue**

Ms. Tamar filed her appellate brief to this Court *pro se*.[5] It is well settled, however, that *pro se* litigants must comply with the same substantive and procedural requirements to which lawyers must adhere. ***Jackson v. Lanphere***, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting ***Hessmer v. Hessmer***, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson*, 2011 WL 3566978, at *3. With the foregoing in mind, we turn to Ms. Tamar's brief.

Unfortunately, our review is hampered in this case because Ms. Tamar's brief, even on the one issue properly raised in her Statement of the Issues, is woefully deficient. To this end, Rule 27 of the Tennessee Rules of Appellate Procedure specifically provides that an appellant's brief "shall contain":

---

court, according to the Personal Representative, was set for April 13, 2015. The record submitted to this Court

(Continued…)

(continued…)

does not include any filings from the general sessions court or circuit court regarding whether Ms. Tamar was successful on appeal.

[5] Ms. Tamar appeared *pro se* for the majority of the proceedings in the trial court. After appealing the chancery court's dismissal of her petition, Ms. Tamar submitted both her initial appellate brief and reply brief to this Court *pro se*. However, she did retain Mr. Larry A. Diamond as counsel for oral argument. Mr. Diamond filed a Notice of Appearance to this Court on May 12, 2015, one day prior to oral argument, stating that he was "planning to argue the case." No supplemental appellate brief was filed on Ms. Tamar's behalf.

4

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

(8) A short conclusion, stating the precise relief sought.

Ms. Tamar's brief clearly fails to comply with these provisions. To begin, Ms. Tamar's brief fails to clearly state what issue she raises in this appeal. Her brief provides the following statement of the issue for appeal:

> The Chancery Court erred in hearing the case due to lack of jurisdiction brought before it prior to the Probate Courts [sic] ruling which was incomplete at that time. Hence Tamar was unable to protect her rights as she had lived there three years and two days; with the original owner Joy Batte's consent, and as well as permission was given by the deceased relatives upon Florence Joy Batte's death for Tamar to remain in the house

5

UNTIL the house was sold.

We are directed only to consider those issues that are properly raised, argued, and supported with relevant authority. *See* **Hawkins v. Hart**, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position . . . ."); *see also* Tenn. R. App. P. 13(b) ("Review will generally only extend to those issues presented for review.").

Moreover, although her brief contains a summary of her argument, Ms. Tamar's initial brief completely lacks an argument section.[6] In addition, her brief omits the applicable standard of review. Ms. Tamar also fails to cite any law or legal authority supporting her argument. "It is not the function of the appellate court to research and construct the parties' arguments." **Coleman v. Coleman**, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at 9 (Tenn. Ct. App. Feb. 4, 2015) (quoting **U.S. v. Berkowitz**, 927 F.2d 1376, 1384 (7th Cir. 1991)). While Ms. Tamar's brief demonstrates that she disagrees with the trial court's decision to dismiss her petition, she simply makes factual and conclusory allegations and provides no legal basis or reasoning for why the trial court erred. This Court has repeatedly held that a party's failure to cite any authority for its argument leads to a waiver of the issue on appeal. *E.g.*, **Forbess v. Forbess**, 370 S.W.3d 347 (Tenn. Ct. App. 2011) ("[W]e cannot overlook Wife's failure to cite any applicable law in her brief . . . .").

Rule 27 also specifically directs appellants to include "appropriate references to the record relied on" in their appellate brief. Although Ms. Tamar sporadically cites to exhibits, she fails to provide appropriate references for any factual allegations. The entirety of her brief is a recitation of factual allegations, many of which do not appear in the appellate record and, therefore, are not appropriately referenced with citations to the record in violation of Rule 27. Again, we note that it is "not the function of this Court to verify unsupported allegations in a party's brief." **Bean v. Bean**, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000).

In the same vein, Rule 27 also requires appellants to include a table of authorities. Tenn. R. App. P. 27(a)(2). Here, in her Table of Contents, Ms. Tamar indicates that her Table of Authorities appears on Page ii, but no such page exists in her brief. She lists no case citation, statute, or any legal authority that would be binding on this Court. Thus, her brief is deficient in this regard as well.

---

[6] Ms. Tamar's reply brief includes an argument section, but it is replete with conclusory allegations against opposing counsel. She cites no law in her reply brief, nor does she include any facts from the appellate record. Still, this Court has recognized that "a reply brief simply is not a substitute for an initial brief to this Court." **Adler v. Double Eagle Props. Holdings, LLC**, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015) (citing **Skinner v. Thomas**, No. M2007-01583-COA-R3-CV, 2008 WL 5204268, at *5 n.7 (Tenn. Ct. App. Dec. 11, 2008)).

Ms. Tamar has failed to comply with Tennessee Rule of Civil Procedure 27 in a substantial way by failing to include an argument section, standard of review, citations to the record, citations to legal authority, and a table of authorities. Regardless of Ms. Tamar's *pro se* status, these deficiencies simply cannot be overlooked. Thus, she has waived any issues she has attempted to raise on appeal.

## Conclusion

For the foregoing reasons, Ms. Tamar's appeal is dismissed. Costs of this appeal are taxed to the Appellant, Ms. Tamar. Because Ms. Tamar is proceeding *in forma pauperis* in this appeal, execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE

7