IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 16, 2019 Session

## PAUL MCMILLIN v. REALTY EXECUTIVES ASSOCIATES, INC., ET AL.

### Appeal from the Circuit Court for Knox County
### No. 1-422-15    Kristi M. Davis, Judge

_____

### No. E2018-00769-COA-R3-CV

_____

Paul McMillin ("Plaintiff") appeals the April 11, 2018 order of the Circuit Court for Knox County ("the Trial Court") finding Plaintiff in violation of Tenn. R. Civ. P. 11 and awarding $19,983.94 in sanctions to be paid to the attorney for Realty Executives Associates, Inc. and Tammy Garber ("Defendants"). Plaintiff raises issues regarding the Trial Court's grant of summary judgment to Defendants and the Trial Court's grant of sanctions. We find and hold that Plaintiff waived his issues with regard to the grant of summary judgment. We further find and hold that the Trial Court did not err in finding Plaintiff in violation of Tenn. R. Civ. P. 11 and awarding sanctions. We, therefore, affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed
Case Remanded**

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and JOHN W. MCCLARTY, JJ., joined.

Paul McMillin, Mt. Juliet, Tennessee, pro se appellant.

Ellis A. Sharp, Knoxville, Tennessee, for the appellees, Realty Executives Associates, Inc. and Tammy Garber.

# OPINION

## <u>Background</u>

Plaintiff acting pro se sued Defendants alleging, among other things, that Tammy Garber ("Realtor") was the listing agent for a house that was part of Plaintiff's mother's estate ("the House"). Although Plaintiff raised several claims, all but a claim for slander against Realtor were dismissed early on in the suit. With regard to the claim for slander, Plaintiff alleged that when Realtor showed the House to Stephen Shuman and Heather Shuman, Realtor made defamatory statements that: the construction of the House was not complete and utilities had been turned off because Plaintiff had removed funds from his mother's estate; that Plaintiff had sued several people and the Shumans might not want to become involved with Plaintiff; that the House had plumbing issues that would cost several thousand dollars to repair; and, that Plaintiff had removed expensive appliances and replaced them with cheaper ones and pocketed the excess money.

Defendants filed a motion for summary judgment alleging that Plaintiff cannot prove any damages as a result of the alleged defamatory statements and that Realtor reasonably believed the statements to be true when made. Defendants also sought sanctions against Plaintiff for pursuing the claim after depositions revealed the lack of damages and defense counsel notified Plaintiff and requested Plaintiff to nonsuit the case. Defendants supported their motion for summary judgment with excerpts from the depositions of Stephen Shuman and Heather Shuman, which revealed:

Stephen Shuman is a close friend and former roommate of Plaintiff's son.

Plaintiff asked Mr. Shuman to contact Realtor and schedule a showing of the House in order to obtain information regarding the condition of the House.

Both Stephen Shuman and Heather Shuman admitted they were not interested in purchasing the House, but that they represented to Realtor that they were potential buyers.

Mr. Shuman admitted that he told Realtor that he was a physician's assistant, which is not true, so it would appear he could afford the House.

After the showing Mr. Shuman contacted Plaintiff to report what Realtor had said during the showing.

Both of the Shumans were asked if the statements made by Realtor had any effect on their opinion of Plaintiff, and both stated unequivocally that the statements had

2

no effect. Heather Shuman stated: "Had I been a person that did not know [Plaintiff], I thought maybe that wasn't appropriate for a real estate agent to bring up. But I knew him, so I just made my own judgment." Stephen Shuman stated that the statements altered his opinion: "Not at all. . . . I've always found [Plaintiff's] moral standard is above reproach."

Plaintiff previously had filed the affidavit of Stephen Shuman in which Mr. Shuman swore under oath: "[b]y the end of my tour of the property, I was not only discouraged from further considering purchasing the house but was led to believe that I wouldn't be able to buy it at all, in any reasonable time frame."

The Trial Court found this statement in Mr. Shuman's affidavit "can only be described as a willful lie, as Mr. Shuman admitted in his deposition that he and his wife never actually considered purchasing the house. The entire 'showing' was a ruse, set up by the plaintiff, in order for the plaintiff to obtain information about the condition of the property."

By order entered February 22, 2018, the Trial Court granted Defendant's motion for summary judgment stating, *inter alia:*

> Even assuming the alleged statements were defamatory, the only two individuals to whom [Realtor] published the statements were not affected by the statements in any way. There is simply no proof that [Plaintiff] suffered any injury to his character or reputation. Accordingly, the plaintiff's claim fails as a matter of law.

The February 22, 2018 order also found Plaintiff's conduct to be in violation of Tenn. R. Civ. P. 11 for: 1) Plaintiff submitting the affidavit of Stephen Shuman knowing that it contained a false statement; and 2) Plaintiff filing and maintaining an action for slander when he knew or should have known that he suffered no damages. The February 22, 2018 order required Plaintiff to show cause within thirty days why he should not be found in violation of Tenn. R. Civ. P. 11 and sanctioned.

Plaintiff filed a response to the show cause order alleging that he was denied due process, that the motion seeking sanctions under Rule 11 was improperly filed, that the Trial Court's order to show cause was improper because the Trial Court was prejudiced by being presented with excerpts from depositions without knowledge that Plaintiff had made objections during the depositions, and that the order to show cause was improper because the transcribed depositions were not provided to the witnesses for examination.

Defendants filed a response to Plaintiff's response to the show cause order pointing out that Plaintiff never addressed why he knowingly submitted a false affidavit or why he pursued a frivolous claim.

After a hearing on the show cause order, the Trial Court entered its order on April 11, 2018 finding Plaintiff in violation of Rule 11 and ordering him to pay $19,983.94 in sanctions representing legal fees as shown by defense counsel. During the hearing, Plaintiff argued he could not be held in violation of Rule 11 because Defendants filed the motion seeking sanctions with their motion for summary judgment and did not give him twenty-one days after service to withdraw or correct. He also argued that the Trial Court was prejudiced when it entered the show cause order because it saw the motion for sanctions improperly, *i.e.*, before the twenty-one day safe harbor period had expired.

In its memorandum opinion incorporated into the April 11, 2018 order by reference, the Trial Court stated that it entered the show cause order *sua sponte* pursuant to Tenn. R. Civ. P. 11(b) based upon its review of the file containing the affidavit of Stephen Shuman and the deposition testimony of both Stephen Shuman and Heather Shuman. In the memorandum opinion the Trial Court also stated:

> Number 1, [Plaintiff] filed, in support of his complaint, or early on in the proceedings, at least, an affidavit of Mr. Shuman wherein Mr. Shuman went through everything that happened. He didn't disclose in the affidavit that he was not an actual buyer. He said he went and looked at the property, and he specifically said in the affidavit that "I was dissuaded from further considering purchasing the house based on the comments that [Realtor] made." And that is just 100 percent bull. I mean, I don't even know how to say how false that was. It's a perpetuation of this fake claim. He was never further dissuaded from purchasing a house, when he never had any intention of purchasing it to begin with. So I have a real problem with filing a false affidavit. And, [Plaintiff], you either knew or should have known that that was false, because he never considered purchasing it, and that was true from the get-go. That was not a surprise to anyone. So for him to say that to try and make out a claim, I don't even know what to say about it.

> The other problem that I have is depositions were then taken where the Shumans were asked, well - - after these statements were made by [Realtor] that were allegedly false and defamatory - - did that change your opinion of [Plaintiff], and they unequivocally said no. These are the only two people to whom the allegedly defamatory statements were made. So in order to establish damages, which you have to have to have a lawsuit, you have to show that you were damaged in some way, your reputation was

4

damaged, to the people who heard it, that somehow they thought less of you, that there was something bad that happened as a result of hearing these allegedly false and defamatory statements. That's just an element of pursuing a claim for defamation. You've got to have damages, and that's how you establish damages.

And it was very clear when these depositions were taken of the Shumans that the only two people who heard these allegedly defamatory statements, that it did not affect them in any way. They specifically said in their depositions, we didn't think any less of [Plaintiff], we didn't believe what she was saying, he's our friend, we're for [Plaintiff], obviously, because that's why we were there to begin with.

So at least as of the time of the taking of the depositions we have the second problem of there being absolutely no damages in this case whatsoever, just none. And, yet, yet we still have the pursuing of the lawsuit.

Plaintiff appeals the Trial Court's April 11, 2018 order to this Court.

## **Discussion**

Although not stated exactly as such, Plaintiff raises four issues on appeal: 1) whether the Trial Court erred in levying $250 in sanctions against Plaintiff allegedly in the absence of compliance with Tenn. R. Civ. P. 11; 2) whether the Trial Court erred in hearing Defendants' motion for summary judgment allegedly in the absence of compliance with Tenn. R. Civ. P. 56.04; 3) whether the Trial Court erred in granting summary judgment based upon deposition testimony given by Stephen Shuman and Heather Shuman allegedly in the absence of compliance with Tenn. R. Civ. P. 30.05; and, 4) whether the Trial Court erred in levying sanctions against Plaintiff in the amount of $19,983.94 on its own initiative.[1]

We consider Plaintiff's first three issues together as the analysis is the same. The Trial Court's order levying $250 in sanctions was entered on January 4, 2018. The order granting summary judgment to Defendants was entered on February 22, 2018. Plaintiff

---

[1] Defendants make a one sentence request in their brief on appeal for an award of attorney's fees, but they fail to raise this as an issue in a statement of the issues. "Courts have consistently held that issues must be included in the Statement of Issues Presented for Review required by Tennessee Rules of Appellate Procedure 27(a)(4). An issue not included is not properly before the Court of Appeals." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001).

did not file his notice of appeal until April 27, 2018. No post-judgment motions were filed.[2]

Tennessee Rule of Appellate Procedure 4 then in effect provides that "the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R. App. P. 4(a). "The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional in civil cases." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004). Pursuant to Tenn. R. App. P. 2 this Court may not waive the procedural defect. Tenn. R. App. P. 2.

As our Supreme Court has explained:

> The date of entry of a final judgment in a civil case triggers the commencement of the thirty-day period in which a party aggrieved by the final judgment must file either a post-trial motion or a notice of an appeal. *See* Tenn. R. Civ. P. 59.02;[3] Tenn. R. App. P. 4(a)-(b)[4]. If timely, certain post-trial motions, such as Defendants' motion to alter or amend, will toll commencement of the thirty-day period for filing a notice of appeal until the trial court enters an order granting or denying the motion. Tenn. R. App. P. 4(b); *see Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). If a post-trial motion is not timely, the trial court lacks jurisdiction to rule on the motion. *See Binkley*, 117 S.W.3d at 255. Similarly, if the notice of appeal is untimely, the Court of Appeals lacks subject matter jurisdiction over the appeal. *Id.*; *see also* Tenn. R. App. P. 2 (stating that appellate courts may not suspend the thirty-day time period for filing a notice of appeal).

*Ball v. McDowell*, 288 S.W.3d 833, 836 (Tenn. 2009) (footnotes in original but renumbered).

As Plaintiff filed his notice of appeal well outside of the mandatory thirty day time period after the entry of the judgment, Plaintiff failed to timely appeal any issues with

---

[2] Defendants filed a supplemental motion for sanctions, but this is not one of the motions that pursuant to Tenn. R. Civ. P. 59 tolls the time for filing an appeal.

[3] Rule 59.02 of the Tennessee Rules of Civil Procedure states: "A motion for new trial and all other motions permitted under this rule shall be filed and served within 30 days after judgment has been entered in accordance with Rule 58."

[4] Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Rule 4(b) provides that if a party to a civil action files one of several enumerated post-trial motions, "the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion."

regard to the levying of the $250 sanction or the grant of summary judgment. As Plaintiff's appeal as to these issue was untimely, we will not address them.

We turn now to Plaintiff's issue regarding whether the Trial Court erred in levying sanctions against Plaintiff in the amount of $19,983.94 on its own initiative. In its February 22, 2018 order, the Trial Court entered a show cause order finding:

> The Court finds the following conduct to be in violation of Rule 11: (1) Mr. McMillin submitted the affidavit of Stephen Shuman, knowing that it contained a false statement; and (2) Mr. McMillin filed and maintained an action for slander when he either knew or should have known that he suffered no damages and that such a claim was, therefore, without merit. The Court directs Mr. McMillin to submit a written response within thirty days of this Order to show cause as to why he should not be found to be in violation of Rule 11 and why this Court should not impose a monetary sanction upon him.

A court may issue a show cause order upon its own initiative pursuant to Tenn. R. Civ. P. 11.03(b), which provides:

> (b) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision 11.02 and directing an attorney, law firm, or party to show cause why it has not violated subdivision 11.02 with respect thereto.

Tenn. R. Civ. P. 11.03(b). We find no error in the Trial Court entering the show cause order upon its own initiative as stated in the memorandum opinion incorporated into the April 11, 2018 order by reference.

We note that Plaintiff submitted a written response to the show cause order alleging that the show cause order violated his due process rights, that the show cause order was unlawful and improper because it was based upon Defendant's motion for summary judgment, that the show cause order was unlawful and improper because during the depositions of Stephen Shuman and Heather Shuman Plaintiff had made objections that had not yet been ruled upon, and that the show cause order was unlawful and improper because the depositions of Stephen Shuman and Heather Shuman had not been provided to the deponents for examination. Importantly, nowhere within his response did Plaintiff directly or otherwise address the Trial Court's finding that Plaintiff had submitted the affidavit of Stephen Shuman knowing that it contained a false statement and that Plaintiff had filed and maintained an action for slander when he either knew or should have known that he suffered no damages and that such a claim was, therefore,

without merit. Plaintiff failed to address either of the Trial Court's findings of a violation of Tenn. R. Civ. P. 11. We find no error in the Trial Court's entry of its April 11, 2018 order sanctioning Plaintiff for his violation of Tenn. R. Civ. P. 11 and ordering Plaintiff to pay $19,983.94 to Defendants' counsel.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the appellant, Paul McMillin.

_____
D. MICHAEL SWINEY, CHIEF JUDGE