FILED

03/09/2022

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 9, 2022 Session

## JERRY ALAN THIGPEN v. THE ESTATE OF KENT HOWARD SMITH ET AL.

**Appeal from the Chancery Court for Trousdale County**
**No. 7663     William B. Acree, Senior Judge**



### No. M2020-01015-COA-R3-CV

Appellant's brief in this case fails to substantially comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Therefore, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which JOHN W. MCCLARTY and CARMA DENNIS MCGEE, JJ., joined.

Jerry Alan Thigpen, Hartsville, Tennessee, Pro se.

C. Tracey Parks, Lebanon, Tennessee, for the appellee, The Estate of Kent Howard Smith

Jeffrey O. Powell, Madison, Tennessee, for the appellees, Dion Deshay Burnley and Marie Deandra Burnley.

### MEMORANDUM OPINION[1]

### I. FACTUAL AND PROCEDURAL HISTORY

So as not to tax the length of this Opinion, we will provide a brief overview of some of the main events in this case's protracted procedural history. Plaintiff/Appellant Jerry

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Alan Thigpen ("Appellant") filed a complaint in the Chancery Court for Trousdale County (the "trial court") on December 19, 2018 against Defendants/Appellees Kent Howard Smith, Dion Deshay Burnley, and Marie Deandra Burnley (collectively, "Defendants") for malicious prosecution and "intentional infliction of mental anguish." Appellant had apparently brought his original action against Defendants on September 6, 2017, and then voluntarily non-suited that case on or about August 7, 2018. Appellant was granted leave to file an amended complaint in an order filed in the trial court on May 6, 2019. In his proposed amended complaint, Appellant brought causes of action for malicious prosecution, intentional infliction of emotional distress, and conspiracy against Defendants.

By order filed June 29, 2020, the trial court dismissed Appellant's claims against Dion Deshay Burnley and Marie Deandra Burnley (together, "the Burnley Defendants") upon the Burnley Defendants' motion for judgment on the pleadings. Another order was filed in the trial court on June 29, 2020, recognizing Mr. Smith's death and stating that if Appellant intended to substitute a party, he should proceed in accordance with Rule 25 of the Tennessee Rules of Civil Procedure. On July 24, 2020, Appellant filed his first notice of appeal to this Court. The same day, Appellant filed a motion to recuse the trial court judge, citing Rule 10B of the Rules of the Supreme Court of Tennessee, and a motion to reconsider the dismissal of the Burnley Defendants, citing Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court denied both of these motions in orders filed March 3, 2021.

In the meantime, on October 14, 2020, Kristal Smith Coughlin, as Administrator of the Estate of Mr. Smith, filed a motion to dismiss as to Mr. Smith in the trial court, asserting that Appellant had failed to file a motion of substitution within ninety days of the suggestion of Mr. Smith's death, and therefore the action should be dismissed pursuant to Rule 25.01 of the Tennessee Rules of Civil Procedure. On November 10, 2020, Appellant filed a motion to substitute Ms. Coughlin for Mr. Smith. On December 2, 2020, the trial court signed an order dismissing the cause of action with prejudice as to Mr. Smith, which was filed on January 19, 2021. On February 22, 2021, Appellant filed another motion seeking, *inter alia*, to substitute Ms. Coughlin for Mr. Smith. The trial court denied this motion in a general order filed March 8, 2021. Appellant filed another notice of appeal in this Court on February 22, 2021, appealing the trial court's January 19, 2021 order.

## II. ISSUES PRESENTED

Appellant raises numerous issues,[2] but we conclude that the controlling issue in this

---

[2] Below are the issues Appellant raises, copied from his brief:

1. The trial court abused its discretion conducting farcical show trials willfully complicit with conspiratorial actions against Jerry Alan Thigpen.

appeal is his failure to substantially comply with Rule 27 of the Tennessee Rules of Appellate Procedure.

## IV. DISCUSSION

As an initial matter, Appellant appears to raise concerns regarding the trial court's jurisdiction. Because we are required to address issues of subject matter jurisdiction, we will briefly address Appellant's concerns. *See* Tenn. R. App. P. 13 ("The appellate court shall [] consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review[.]"). It appears that Appellant argues that because he perfected an appeal to this Court on July 24, 2020, the trial court was divested of its subject matter jurisdiction at that time.

Appellant is correct that "once a party perfects an appeal from a trial court's final judgment, the trial court effectively loses its authority to act in the case without leave of the appellate court. Perfecting an appeal vests jurisdiction over the case in the appropriate appellate court." ***First Am. Tr. Co. v. Franklin-Murray Dev. Co., L.P.***, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (footnote and citations omitted). However, an appeal is not perfected, and thus this Court does not assume subject matter jurisdiction, until the trial court enters a final order. *See* Tenn. R. App. P. 3(a) ("In civil actions every final judgment entered by a trial court from which an appeal lies to the . . . Court of Appeals is appealable

2. The trial court acted wanting jurisdiction habitually to harm and injure Appellant in over one dozen cases over which he presided.

3. The trial court's discretion is and remains unsound and corrupt.

4. The trial court has a past record checkered with unsound or corrupt decisions.

5. The Trial Clerk & Master and her office abused her discretion willfully complicit with conspiratorial actions against Jerry Alan Thigpen flagrantly and habitually.

6. The Appellate Court Clerk and his office is also willfully complicit with conspiratorial actions against Jerry Alan Thigpen flagrantly and habitually.

7. All TN Bar attorneys involved in all cases presided over by the trial court in Trousdale county committed legal malpractice.

8. All conspirators have a propensity and proclivity for the Hate crimes herein alleged and display flagrant patterns of abuse.

9. The trial court has acted in the famous literal sham, farce, mockery criminal persecution case to further injure and harm this appellant.

10. All cases to which the trial court should be over-turned and vacated.

as of right. Except [under circumstances not present here], if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.").

At the time Appellant filed his first notice of appeal on July 24, 2020, much was left outstanding in this case. For example, the issue of whether a defendant would be substituted for Mr. Smith in light of his death was outstanding, and the order dismissing him was not filed in the trial court until January 19, 2021. Therefore, a final judgment adjudicating the rights and liabilities of all the parties in this case had not yet been entered by the trial court. Thus, this Court did not yet have jurisdiction when Appellant filed his first notice of appeal. Rather, Appellant's July 24, 2020 notice of appeal was premature. *See* Tenn. R. App. P. 4(d) ("A prematurely filed notice of appeal shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof.").

As to the remainder of the issues on appeal, unfortunately, our ability to conduct proper appellate review is hindered by Appellant's failure to sufficiently comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 states, in pertinent part:

(a) Brief of the Appellant. The brief of the appellant shall contain under appropriate headings and in the order here indicated:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
* * *
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth: (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a).

Here, Appellant's brief does not substantially comply with Rule 27. First, Appellant's brief contains no table of contents. While Appellant ostensibly includes a table of authorities, the table does not include "references to the pages in the brief where [the authorities] are cited[.]" Appellant's brief also does not contain a statement of the case. Instead, his statement of facts more closely resembles a statement of the case, as it details some of the proceedings that occurred in the trial court; the statement of facts, however, contains none of the required references to the record. In the argument section of Appellant's brief, he cites to the record only four times.

Appellant's argument is deficient in other ways. While Appellant includes citations to legal authority at times throughout his brief, he leaves many of his assertions unsupported by citation to legal authority or the record. *See Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)."). Even when he does cite to legal authority, however, Appellant's argument is still lacking. For example, he includes a long block quote from one case in his argument regarding subject matter jurisdiction;[3] we have addressed that issue, *supra*. Besides that, he cites to only one other case in the argument section of his brief. In that second citation, he quotes a portion of a case for purposes of explaining the applicable standard of review,[4] but he fails to explain how that case supports his positions on appeal. *Cf. Lacy v. Vanderbilt Univ. Med. Ctr.*, No. M2018-00832-COA-R3-CV, 2019 WL 1450390, at *3 (Tenn. Ct. App. Apr. 1, 2019) (noting that the appellant's brief was deficient in that while some cases were cited, the appellant failed to provide "any analysis of the cases or discuss how they relate to her position"); *Bowman v. Bank of Am.*, No. M2013-00424-COA-R3-CV, 2014 WL 890934, at *5 (Tenn. Ct. App. Mar. 5, 2014) (holding that citation of authority for the applicable standard of review was not sufficient in the absence of citations related to the appellant's substantive arguments). Additionally, it is difficult to discern some of Appellant's arguments. *See Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

We are mindful of the fact that Appellant is proceeding pro se. Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system.

---

[3] Imbedded in the block quote are the court's citations to other authorities.

[4] Again, the portion of the case cited by Appellant includes citation to another case.

However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

We have previously held on numerous occasions that such failure to substantially comply with Rule 27 is grounds for dismissal of an appeal. *See, e.g.*, *Breeden*, 2020 WL 6285300, at *1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal."); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn. Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Therefore, while we acknowledge Appellant's attempts to proceed pro se and express no opinion as to the merits of his arguments, we simply cannot properly review this appeal given the state of the briefing.

It is abundantly clear that Appellant is dissatisfied with the rulings of the trial court. However, that does not end our inquiry. It is also the responsibility of Appellant to point to the actions of the trial court that he claims are in error and then show how the actions are erroneous by including citations to the record and producing legal authority to show the claimed error. Without this basic information, the reviewing court is required to comb the record in search of error. This is not the function of a court of review and runs counter to the Rules of Appellate Procedure. Consequently, Appellant's appeal is dismissed for failure to substantially comply with Rule 27.

## V. CONCLUSION

This appeal is dismissed, and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of the appeal are taxed to Appellant Jerry Alan Thigpen, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE