IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 26, 2024 Session

## ANGEL MARIE WHITE v. JENNIFER C. GOODFRED, D.O. ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-4656-19     Felicia Corbin Johnson, Judge**

_____

**No. W2023-01225-COA-R3-CV**
_____

This appeal specifically concerns health care liability claims arising from medical treatment that occurred in 2011 and 2012. After complaints were filed in 2019, the defendants at issue in this appeal sought to have the claims related to the 2011 and 2012 treatment dismissed. The trial court thereafter entered an order dismissing such claims, holding that they were barred by the three-year statute of repose. Although the plaintiff now appeals, her appellate brief is significantly noncompliant with applicable briefing requirements. In light of these briefing deficiencies, we hold that the plaintiff has waived any issues raised and that the appeal should therefore be dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Duncan E. Ragsdale, Memphis, Tennessee, for the appellant, Angel Marie White.

Joseph M. Clark and Samantha E. Bennett, Memphis, Tennessee, for the appellee, UT Medical Group, Inc.

Heather C. Colturi, Associate General Counsel, The University of Tennessee, for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

## BACKGROUND

This is a health care liability case. Specifically at issue in this appeal are claims related to treatment received by Desirae Jemison ("Desirae") in 2011 and 2012.[2] Of note to the trial court's ultimate disposition below, the complaint initiating litigation in this case was not filed until October 23, 2019.

According to that complaint, which was filed in the Shelby County Circuit Court ("the trial court") by Desirae's mother, Angel White ("Plaintiff"), Desirae died in June 2018 "due to or as a result of heart failure caused by Metabolic Syndrome and morbid obesity that was caused by Depo Provera and Implanon TM (estonogestrel implant) given by employees of UT Medical Group, Inc." Among other allegations, Plaintiff's complaint chronicled certain episodes of treatment by employees of UT Medical Group, Inc. ("UTMG"), occurring in a period spanning February 28, 2011, to July 27, 2012, but also during a later period of time spanning August 22, 2017, to September 21, 2017.

Plaintiff filed an amended complaint against UTMG in the trial court on October 29, 2019, wherein certain allegations were added, and on that same date, as is evidenced by a supplemental record filed in this Court after the completion of all the briefing for this appeal, Plaintiff also submitted a complaint with the heading "In the Claims Commission of the State of Tennessee" with the Division of Claims Administration. Of relevance to this appeal, this complaint against the State also detailed allegations pertaining to Desirae's treatment in 2011 and 2012 and use of Depo Provera and the Implanon TM contraceptive device. As alleged therein, certain doctors were employees of both UTMG and the State.

The complaint against the State was later transferred to the trial court for resolution, albeit under a different docket number than the action involving UTMG. The record indicates that these matters were consolidated, however, and following a motion to dismiss filed by UTMG, and joinder therein by the State,[3] the trial court ultimately dismissed Plaintiff's pursuit of relief related to treatment that Desirae received in 2011 and 2012 and

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] Although the record indicates the existence of broader litigation outside of such treatment and claims, including the involvement of additional parties other than those discussed within this Opinion, we have attempted to restrict our focus herein as is relevant to the resolution of the appeal.

[3] The State's filing noted that its joinder was made "to the extent [the claims related to Desirae's treatment in 2011 and 2012] are asserted against the State."

certified its order as a final judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. In pertinent part, the trial court's order of dismissal held that "Plaintiff's claims against UTMG and the State of Tennessee arising from treatment that Desirae . . . received at UTMG in 2011 and 2012 . . . [are] barred by the statute of repose,[4] and the Plaintiff failed to adequately plead fraudulent concealment as an exception to the statute of repose." This appeal followed.

## DISCUSSION

The statute of repose governing health care liability actions is codified at Tennessee Code Annotated section 29-26-116(a)(3). Under that statute:

> (3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant, in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

Tenn. Code Ann. § 29-26-116(a)(3). Here, as noted above, the trial court held that Plaintiff's claims related to the 2011 and 2012 treatment were "barred by the statute of repose" and that she "failed to adequately plead fraudulent concealment as an exception to the statute of repose." Although Plaintiff's brief lists several issues for review in the wake of this ruling,[5] we conclude, for the reasons discussed below, that Plaintiff's appeal should be dismissed due to significant noncompliance with appellate briefing requirements.

Before getting into the specifics of all of Plaintiff's briefing deficiencies, we note as

---

[4] With respect to the treatment at issue in this appeal, the trial court noted that the treatment occurred between February 28, 2011, and July 27, 2012. In further noting that Plaintiff "had three (3) years from the date of the alleged negligence to file her claims arising from the 2011-2012 treatment," the trial court concluded that the statute of repose lapsed, "[a]t the latest," on July 27, 2015.

[5] Although we need not tax the length of this Opinion by outlining the entirety of her "Issues" section, we note that it is generally suggestive of an argument that reversal should occur here due to certain items of evidence contained in the record. Indeed, the "Issues" section, which employs a question-and-answer format in its presentation, references affidavits that are outside the pleadings in several places. As discussed within this Opinion, Plaintiff's attempt to rely on such evidence appears to be a product of her misunderstanding that the trial court considered matters outside the pleadings, which it did not. Of course, as also discussed herein, Plaintiff has not actually raised any issue that the trial court erred in failing to consider matters outside the pleadings. She simply builds an argument in light of a faulty premise regarding the scope of the trial court's review. As an aside, we also note that, on top of the various briefing deficiencies that exist as detailed *infra*, the first issue listed by Plaintiff purports to challenge a particular "finding" of the trial court. We observe that the purported finding, which Plaintiff then lists in her issues, is not actually a finding of the trial court. Although the provided quote does derive from the trial court's order, the specific language, which appears as part of the exposition in the opening paragraph of the court's order, actually is a reference to an argument that UTMG had made in support of its position.

a preliminary matter that Plaintiff appears to misapprehend the scope of the trial court's action. That is, whereas the trial court clearly entered the order at issue by adjudicating the matters before it under the standard applicable to a motion to dismiss, Plaintiff appears to in large part proceed under a contrary premise, stating matter-of-factly that "matters outside the pleadings" were considered and that "Summary Judgment is not appropriate in this case."[6] As a corollary to this understanding, Plaintiff invokes—throughout her briefing—affidavits and other matters of record that are outside the pleadings in an attempt to show why there is "an issue of fact for the Jury." As to the premise that matters outside the pleadings were substantively considered by the trial court, thus making this case properly amenable to review under the summary judgment standard, Plaintiff is, respectfully, plainly mistaken. In fact, the trial court took pains in its order to make it clear to all involved that it was cabining its review and consideration to matters contained within Plaintiff's pleadings and the argument offered in relation to same. In pertinent part, the trial court held as follows on this subject:

> Following argument by counsel [regarding the motion to dismiss], **the Court determined that it would consider only the allegations in the Complaint and Amended Complaint and decide UTMG's motion under a motion to dismiss standard**. . . . .
>
> Upon consideration of the Complaint, Amended Complaint, UTMG's Motion to Dismiss and supporting memorandum, the Plaintiff's Response and supporting memorandum (**excluding material submitted that is outside the pleading and argument related to that material**), UTMG's Reply (**excluding UTMG's response to the Plaintiff's arguments relying on matters outside the pleading**), and the statements of counsel (**limiting consideration of counsel's statements to argument regarding the allegations in the Complaint and Amended Complaint**), the Court finds that UTMG's Motion to Dismiss is well-taken and should be granted.
>
> **Considering only the Complaint and Amended Complaint and taking all of the factual allegations in the Complaint and Amended Complaint as true as required when adjudicating a motion to dismiss for failure to state a claim pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure**, the Plaintiff's claims against UTMG for treatment that occurred in 2011 and 2012 are barred by the statute of repose, and the Plaintiff has failed to adequately plead fraudulent concealment to toll the statute of repose.

---

[6] At the opening of oral argument in the appeal of this matter, counsel for Plaintiff persisted in the understanding reflected in Plaintiff's briefing by representing, again, that the trial court had considered matters outside the pleadings.

(emphases added)

Notably, Plaintiff does not challenge the procedural foundation upon which the trial court acted. Indeed, as UTMG aptly observes on appeal, Plaintiff does not raise as an issue that matters outside the pleadings were wrongfully excluded by the trial court and *should have* been considered. Rather, as a product of her mistaken understanding that matters outside the pleadings had been considered by the trial court, she simply references materials outside the pleadings that she believes are somehow favorable to a ruling in her favor.[7] The reality remains, of course, that the trial court limited its consideration to Plaintiff's pleadings.

Plaintiff's failure to appreciate the nature of the trial court's action has of course resulted in an appellate brief that diverts attention away from the actual issue that was at the center of the trial court's disposition. Specifically, through Plaintiff's frequent citations to, and reliance upon, matters outside the pleadings, she fails to coherently engage in the analysis that should be attendant to reviewing matters decided upon a motion to dismiss. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002) (noting that because a Rule 12.02(6) motion to dismiss challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, "matters outside the pleadings should not be considered in deciding whether to grant the motion").

Plaintiff's brief, however, suffers from more that just a mere misunderstanding of the trial court's ruling. Other issues exist. In turning to the brief's content in more specific detail below, we observe that it is noncompliant with appellate briefing requirements in multiple respects.

The requirements for an appellant's brief are outlined in Rule 27(a) of the Tennessee Rules of Appellate Procedure. Pursuant to that Rule, an appellant's brief shall contain:

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the

---

[7] Of course, through her failure to raise any issue about the trial court's decision to limit its consideration to her pleadings in dismissing this case, she has waived any issue concerning same. *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001) (noting that an issue not included in the statement of issues presented for review is not properly before this Court).

course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues);

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27.

Here, as UTMG and the State have observed, Plaintiff's offered "Statement of the Case" consists of nothing more than what is effectively a "copy and paste" of selected portions of the index to the appellate record. Thus, all that is conveyed through the presentation are the dates and bare titles of various trial court filings; we are merely informed, by way of a selective index listing, that a "Complaint," "Amended Complaint," and other filings were made. There is no actual statement "indicating briefly the nature of the case," and the insufficiency of Plaintiff's presentation is even further compounded as it concerns the State specifically. Indeed, although the State is implicated through Plaintiff's presentation in one place—the listing of the title of the order on appeal— Plaintiff's bare listing of other trial court filings does not encompass the history involving the State, such as the filing of a complaint against *it* and its joinder in the motion to dismiss.[8] The presentation here is severely lacking.

Considering the disposition of the trial court that is on appeal, Plaintiff has also failed to appropriately comply with the requirement in Rule 27(a)(6) that her brief contain "[a] statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record." Of note, in the section of her brief labeled "Fact Statement," Plaintiff offers no citations whatsoever to her pleadings; of course, her pleadings contain the facts—which on a motion to dismiss must be accepted as true[9]—that are relevant to the trial court's disposition. When Plaintiff does offer citations to the record in her "Fact Statement," she simply cites affidavits and other items of record that are

---

[8] Most of the history pertaining to the State was not included in the appellate record as originally transmitted, and Plaintiff never even sought leave to amend her brief after a supplemental record containing that history was eventually filed.

[9] When a motion to dismiss is reviewed, the appellate court must presume the factual allegations of the complaint are true. *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31 (Tenn. 2007).

- 6 -

outside the pleadings. Given the disposition of the trial court that is on appeal, i.e., its granting of a motion to dismiss, such citations are irrelevant.

Plaintiff's briefing deficiencies also extend to her argument. Initially, we note that there is no compliance with the requirement in Rule 27(a)(7) that "a concise statement of the applicable standard of review" be set forth. Further, not only does Plaintiff fail to set forth a statement of the standard of review, but much of her argument is also, as alluded to previously, suggestive of—and apparently reliant upon—an analytical framework that simply does not apply. Specifically, similar to other sections of her brief, Plaintiff's argument section is littered with references and citations to matters that are outside the pleadings, and she ultimately concludes her argument section by framing this as a summary judgment issue, exhibiting the following understanding just before her brief's "Conclusion": "The Trial Court considered matters outside the pleadings." This, of course, is simply not correct, and as a result, this upshot of her argument section does not speak to the actual issue before us: the sufficiency of Plaintiff's pleadings.

Unlike her "Fact Statement" section, Plaintiff does cite to her pleadings at places in her argument section. That said, the ultimate nature of her argument and position is further blurred through her frequent interweaving of reliance on matters outside the pleadings, and as noted above, she ultimately concludes the section by framing this as a summary judgment issue. Further of note, and of critical significance, Plaintiff does not in our view properly engage with the trial court's holding that she "failed to adequately plead fraudulent concealment as an exception to the statute of repose." Obviously that holding of the trial court was of central importance here given (1) the dates of treatment at issue and (2) when Plaintiff asserted her claims. As UTMG has observed, however, Plaintiff "never discusses, or even mentions, the elements required to assert fraudulent concealment as an exception to the statute of repose . . . ." Additionally, although she states at one point in her argument section that she "would also show that the Complaint alleges fraud with particularity as required by R.C.P., Rule 9.02," she does not follow this up with appropriate argument to demonstrate the contention. Rather, she then directly invokes general legal authority not relevant to the issue at hand.

For all of these reasons, the argument section fails to properly focus on the dispositive legal question at stake, and just as with other areas of Plaintiff's brief, the deficiencies that exist as to the State are only further compounded. Indeed, Plaintiff's argument section does not in any respect engage with, much less cite to, the pleading that was asserted against the State.

It is well settled that a party's failure to comply with the rules of appellate procedure "waives the issues for review," *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000), and here, both UTMG and the State have argued that Plaintiff's briefing deficiencies are sufficiently deficient to warrant waiver of appellate review. We agree. In light of the significant briefing deficiencies discussed above, we conclude, just as we have in other

cases,[10] that Plaintiff has waived her issues on appeal and that the appeal should be dismissed.[11]

## CONCLUSION

In light of the foregoing discussion, we conclude that Plaintiff has waived her issues on appeal due to significant noncompliance with briefing requirements and that the appeal should be dismissed.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[10] *See, e.g.*, *Coen v. Horan*, No. W2019-00404-COA-R3-CV, 2023 WL 2179007, at \*5 (Tenn. Ct. App. Feb. 23, 2023) ("[B]ased upon the foregoing legal principles, the profound deficiencies in the brief, and the failure to comply with Rules 27(a)(5)-(7) of the Tennessee Rules of Appellate Procedure, . . . Mother has waived her right to an appeal as to any issue. Therefore, the appeal is dismissed.").

[11] Although UTMG has asked this Court to award it costs and expenses incurred because of this appeal, we, in the exercise of our discretion, respectfully decline to do so.