# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs January 5, 2026

## PATRICIA SLATE v. SMILEY BAIL BONDS ET AL.

**Appeal from the Circuit Court for Wilson County**
**No. 2024-CV-682   Michael Wayne Collins, Judge**

_____

### No. M2025-00463-COA-R3-CV

_____

The plaintiff, Patricia Slate, appeals the dismissal of her complaint for failing to state a claim upon which relief can be granted against either of the defendants. Because the appellant's brief is profoundly noncompliant with Rule 27 of the Tennessee Rules of Appellate Procedure, we dismiss this appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

FRANK G. CLEMENT JR., C.J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and JOHN W. MCCLARTY, P.J., E.S., joined.

Patricia Slate, Nashville, Tennessee, pro se appellant

Jay Norman, Nashville, Tennessee, for the appellee, Smiley Bail Bonds.

N. Craig Strand, Knoxville, Tennessee, for the appellee, Wilson County, Tennessee Jail.

### MEMORANDUM OPINION[1]

Ms. Slate commenced this action by filing a pro se complaint against the defendants "Smiley Bail Bonds of location Lebanon TN and Wilson County Jail of Lebanon Tennessee." The complaint asserted the following identified claims:

1.  Unlawful/Wrongful Detainment/Arrest

---

[1] Under Tennessee Court of Appeals Rule 10, a case decided by memorandum opinion shall not be published and shall not be cited or relied on for any reason in any unrelated case.

2. Negligence

3. Violation of the 8th Amendment of the Constitution (Cruel and Unusual Punishment)

4. Defamation

5. Termination of Employment and Healthcare Insurance

Generally stated, the complaint seeks damages for what Ms. Slate contends was a false arrest and violation of her civil rights related to an allegedly unlawful seizure, detention, and arrest. The unfortunate set of events at issue began when Ms. Slate failed to appear for a court date related to criminal charges for driving on a suspended license, for which Ms. Slate had posted bail through Smiley Bail Bonds. When Ms. Slate failed to appear for her court date, the court revoked her bond. Consequently, Smiley Bail Bonds sent two "Bounty Hunters" to Ms. Slate's house, where they noted that she was in a wheelchair.

Ms. Slate informed the Bounty Hunters that she had been in a serious vehicular accident, and she presented a doctor's note indicating that she should be excused from attending court due to physical and cognitive injuries. Nevertheless, the Bounty Hunters escorted her to the Wilson County Jail, where she was arrested and incarcerated. Ms. Slate remained incarcerated for ten days, after which her charges were dismissed and she was released.

The complaint also provides a summary of her claims, which reads as follows:

Plaintiff alleges Smiley Bail Bonds were in violation of unlawful arrest and detainment due to plaintiff's visible condition and being put on notice in writing that plaintiff was under strict doctor's care prior to arrest and incarceration. Plaintiff alleges Wilson County [J]ail is in violation of Negligence and violation of the 8th Amendment of the Constitution. Wilson County [J]ail had a duty to provide incarcerated plaintiff with the medical attention therapy [sic] and medication plaintiff needed regarding her medical condition. Plaintiff asks that the court to [sic] render judgment for the plaintiff for $500,000.00 to be paid by both defendants to total 1000,000.00 [sic] for compensations and punitive damages for the defendants' to be set by the court for the actions that further injured the plaintiff for the setback and un warranted [sic] detainment and her pain suffering [sic] and her character assassination made public during her unlawful incarceration. Plaintiff alleges her detainment set her back in her therapy and progress and required her to be required [sic] to restart therapy due to the loss of mobility, which prolonged her inability to return to work, due to a doctor's release is required to return to work with no restrictions.

For its part, defendant "Wilson County Jail" responded to the complaint by filing a motion to dismiss all 42 U.S.C. § 1983 claims against it for three reasons: (1) Wilson County Jail was not an entity capable of being sued; (2) the Complaint did not allege that any Wilson County official committed an underlying constitutional violation; and (3) the Complaint did not allege that there was any policy, practice, or procedure that caused any alleged underlying constitutional violation. Wilson County Jail also asserted that the negligence and defamation claims should be dismissed because Wilson County Jail enjoyed immunity under the Tennessee Governmental Tort Liability ("TGTLA").

Defendant Smiley Bail Bonds filed an answer denying any improper or illegal acts and hence liability, and thereafter it filed a motion for judgment on the pleadings asking that the case be dismissed for failure to state a claim upon which relief could be granted.

On March 26, 2025, following a hearing, the circuit court granted both motions and dismissed all claims against each defendant. As for Wilson County Jail, the order stated that Ms. Slate failed to state a claim for which relief could be granted based on the following:

I.  Wilson County Jail should be dismissed as to any 42 U.S.C. § 1983 claim because it is not an entity capable of being sued.

II.  Wilson County Jail should be dismissed as to any 42 U.S.C. § 1983 claim because Plaintiff has not alleged that any Wilson County official committed any underlying constitutional violation.

III. Wilson County Jail should be dismissed as to any 42 U.S.C. § 1983 claim because Plaintiff has not alleged that any [sic] Wilson County had any policy, practice, or procedure that caused any constitutional violation.

IV. Plaintiff's negligence and defamation claims must be dismissed because the defendant has immunity under the [TGTLA].

The order dismissing the claims against Smiley Bails Bonds merely stated that the complaint was dismissed "for failure to state a claim upon which relief can be granted."

Ms. Slate then filed a timely notice of appeal seeking to overturn both orders.

## ANALYSIS

Rule 27 of the Tennessee Rules of Appellate Procedure states in part:

(a) **Brief of the Appellant.** The brief of the appellant shall contain under appropriate headings and in the order here indicated:

. . .

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

. . .

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

    (A)    the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

    (B)    for each issue, a concise statement of the applicable standard of review. . . ;

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Ms. Slate's brief is profoundly deficient for several reasons. For one, there is no statement of the issues presented for review.[2] This omission is significant because, as we have noted, "a properly framed issue may be the most important part of an appellate brief." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citation omitted).

Also significant is the absence of a table of authorities, and there are no citations to cases, statutes, and other authorities except for a general reference, without analysis, to "the 8th Amendment of the Constitution." More importantly, the brief also fails to comply

---

[2] There is a listing under "Arguments for Incorrect Lower Court Judgment"; however, the listed items are not issues. Indeed, they are more akin to a Statement of Facts than a Statement of Issues.

with Rule 27(a)(7) because there is no Argument or Summary of Argument setting forth the contentions of the appellant with respect to the issues presented including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on. This is a critical omission because for an issue to be considered on appeal, a party's brief must "develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). Moreover, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010). Ms. Slate's brief does not come close to complying with Rule 27(a)(7).

We also note that the brief does not cite the record. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted).

We recognize that the appellant is proceeding pro se. Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003). While we recognize that most pro se litigants have no legal training and little familiarity with the judicial system, there is "a boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Id*. at 903. Thus, we may not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Id*.

Due to the profound deficiencies in Ms. Slate's brief, we find it necessary to dismiss the appeal. *See Breeden v. Garland*, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at *1 (Tenn. Ct. App. Oct. 27, 2020).

## IN CONCLUSION

For the foregoing reasons, this appeal is dismissed and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are taxed to Appellant, Patricia Slate, for which execution may issue if necessary.

_____
FRANK G. CLEMENT JR., C.J.